**William J. POWERS, Jr., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 11291.

United States Court of Appeals, Seventh Circuit.

Dec. 16, 1954.

Rehearing Denied Feb. 18, 1955.

William J. Powers, Jr., pro se.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff brought suit in the District Court against the United States, praying a declaratory judgment of invalidity of the action of certain governmental agencies in determining his rights as a retired officer of the Army Reserve Corps. He sought a judgment decreeing that he had been unlawfully deprived of his rights, particularly his retirement benefit, and enjoining the Veterans' Administration from exercising any control over him. However, only the government was made defendant. The United States attorney interposed a motion to dismiss the complaint, for the reason, *inter alia*, that the court was without jurisdiction to grant the relief prayed. This motion the court allowed; whereupon plaintiff perfected his appeal.

After the appeal had come to us, plaintiff filed a motion praying that we decide the jurisdictional question in advance of hearing upon the merits, which we allowed. Consequently, the question submitted is whether the trial court rightfully held that it had no jurisdiction to enter a declaratory judgment against the United States granting the relief prayed. In plaintiff's own words, we are asked to approve a complaint for declaratory judgment against the government to review the acts of the Army Retiring Board and to determine that they were unlawful.

We start with the premise that it is the plaintiff's burden to establish jurisdiction. In this connection, it is a vital circumstance that the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, does not create new substantive rights. As the Supreme Court said in United States v. West Virginia, 295 U.S. 463, 475, 55 S.Ct. 789, 793, 79 L.Ed. 1546, "It does not purport to alter the character of the controversies which are the subject of the judicial power under the Constitution." The Act merely provides an additional procedural remedy; it creates no new substantive rights. Consequently, a suit under the Act must present a recognizable previously existing justiciable controversy,—a controversy within the jurisdiction of the District Court, irrespective of the Declaratory Judgment Act. If plaintiff can show that he has a justiciable controversy with the United States, irrespective of the Act, he has then and then only a standing entitling him to maintain the suit. In other words, his action must be based upon statutes of the United States giving to the court jurisdiction to entertain and decide the particular controversy presented.

In our opinion, plaintiff has failed to show that he has a cause of action cognizable in the District Court. In the first place, of course, the government cannot be sued without its consent. Mine Safety Appliances Company v. Forrestal, 326 U.S. 371, 66 S.Ct. 219, 90 L.Ed. 140; United States v. Geisler, 7 Cir., 174 F.2d 992, certiorari denied 338 U.S. 861, 70 S.Ct. 103, 94 L.Ed. 528. This, plaintiff seems to admit, but he insists that under Section 1346 (d)(2) of the Judicial Code, 28 U.S.C. § 1346 (d)(2), commonly known as the Tucker Act, created by former statutes and preserved in the present code, the United States has consented to be sued in the District Court in such a case as this. The Tucker Act grants to the district courts authority to dispose of certain types

of actions against the United States, but it expressly denies jurisdiction in certain others. The pertinent provisions:

"(d) The district courts shall not have jurisdiction under this section of:

"(1) Any civil action or claim for a pension;

"(2) Any civil action or claim to recover fees, salary, or compensation for official services of officers or employees of the United States."

Plaintiff argues, that his suit is not within the quoted provisions, for the reason that his is not a claim for a pension or for fees, salary, or compensation for official services, though he does seek a judgment that the action of the Army administrative agencies in determining his retirement compensation was unlawful. In a suit involving an action for disability compensation, the Fourth Circuit in Smith v. United States, 57 F.2d 998 held that, under the Tucker Act, there could be no question but that a claim for disability is a claim for pension within the meaning of the statute, citing cases in support of its conclusion. More specifically, however, the Fifth Circuit, in United States v. Beaman, 61 F.2d 493, held that an action against the United States by a Reserve officer seeking remedies under the Emergency Officers' Retirement Act, 38 U.S.C.A. §§ 581, 582, was not within the jurisdiction of the District Court. In Morgan v. United States, 5 Cir., 115 F.2d 426, the court pointed out that compensation to members of the armed services arises not from contract, but from the statute as a token of the Government's benevolence, constituting a bounty which the Congress has the right to give or withhold, distribute or recall at its discretion, saying at page 427: "It is in essence indistinguishable from a pension, and jurisdiction over suits to enforce the payment of pensions against the United States is expressly withheld from the courts by the Tucker Act. Judicial Code, Sec. 24, subsection (20), 28 U.S.C.A. § 41, subsection (20)." And

the Fifth Circuit, in Randolph v. United States, 158 F.2d 787, certiorari denied 330 U.S. 839, 67 S.Ct. 980, 91 L.Ed. 1286, declared that an action against the United States by an Army Reserve officer to recover retirement pay as a Lieutenant-Colonel was not maintainable in the District Court. In Almour v. Pace, 90 U.S. App.D.C. 63, 193 F.2d 699, the Court of Appeals for the District of Columbia reached a similar conclusion.

It follows from these authorities, we think, that plaintiff's reliance on the Tucker Act is ill founded; that suits involving the determination of the validity of proceedings fixing retirement pay are in their essence the same as actions involving pensions or suits to recover compensation by an officer of the United States. As to such actions, the government has not consented to be sued in the District Court; consequently, the trial court had no right to entertain the present action. Obviously, we are not concerned with the jurisdiction of the Court of Claims or of any other court or administrative body.

Plaintiff, if he is to succeed, must find his remedy in some other act of Congress. He directs our attention to various other statutes, none of which we think is applicable to the case before us. In other words, he has not suggested any statute which purports to lodge in the District Court a right to entertain a suit against the United States to establish the alleged illegal action of military officials in disposing of his statutory retirement rights. That the court had no jurisdiction to entertain the suit as one under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., is clear, we think, from the Supreme Court decision, Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152.

We conclude that the District Court was without jurisdiction and rightfully dismissed plaintiff's suit. It therefore becomes unnecessary to have any further hearing. The judgment of the District Court is

Affirmed.