**Buford H. E. GILL and Henry L. Zimmerman, Plaintiffs-Appellants,**

v.

**IOWA–ILLINOIS GAS AND ELECTRIC COMPANY et al., Defendants-Appellees.**

**No. 11501.**

United States Court of Appeals
Seventh Circuit.

April 27, 1956.

John M. Kerwin, Jr., Rock Island, Ill., Potter, Kerwin & Gillman, Rock Island, Ill., for appellant.

Harry E. Witherell, Peoria, Ill., Wayne G. Cook, Davenport, Iowa, Latham Castle, Atty. Gen., Harry R. Begley, Sp. Asst. Atty. Gen., Davis, Witherell & Sommer, Peoria, Ill., Cook, Blair & Balluff, Davenport, Iowa, of counsel, for appellees.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Instituted as a class action on behalf of consumers of electricity situated in Moline, Illinois, and Davenport, Iowa plaintiffs' complaint for a declaratory judgment, commenced in a federal court, May 27, 1954, under the asserted authority of 28 U.S.C. § 1337,[1] purportedly

---

1. "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 62 Stat. 931.

invokes the Federal Power Act.[2] Gill, one of the two plaintiffs, is a citizen of Moline, Illinois, and a user of electricity supplied by Iowa-Illinois Gas and Electric Company, a public utility. Zimmerman, the other co-plaintiff and citizen of the City of Davenport, State of Iowa, is also a consumer of electricity supplied by the same utility servicing Gill. Their complaint was found vulnerable to the attack launched against it by the various defendants in their several motions. These motions to dismiss plaintiffs' complaint were rightly allowed.

■ Since this case was decided below on the pleadings, whatever we report here by way of factual elements are actually such allegations well-pleaded and admitted by the various motions interposed by defendants. Iowa-Illinois purchases, at wholesale rates, electric energy from Moline Water Power Company and the Rock River Navigation and Water Power Company. Plaintiffs claim the electrical system of Iowa-Illinois is so interconnected that the electricity furnished Illinois consumers, in the area involved, may come from electrical energy generated in Iowa and vice-versa. Consequently, plaintiffs contend that the Iowa-Illinois activities constitute transmission of electrical energy in interstate commerce. From that postulation, plaintiffs then assert the Federal Power Commission has statutory jurisdiction over Iowa-Illinois rates. Added to all of this are the allegations that the State of Iowa has no public utility regulatory body to work out reciprocal regulatory arrangements with the Illinois Commerce Commission, and, that the "wholesale rates" have never been subjected to administrative supervision or governmental regulation. Iowa-Illinois Gas ·and Electric Company, Moline Water Power Company, The Rock River Navigation and Water Power Company, and, members of the Federal Power Commission and Illinois Commerce Commission, repectively; the Mayor and Alderman of the City of Davenport were all joined as parties defendant to the action below.

The complaint is widely radiative, yet insubstantial. It is aimed at federal, state and city governmental levels. As we analyze the potential impact of that basic pleading, plaintiffs urge the judiciary to correct alleged administrative under-enforcement at the national level, i. e., Federal Power Commission. That is, the district court was asked to declare that Moline Water Power Company, Iowa-Illinois, and the Rock River Navigation and Water Power Company are "licensees" subject to regulation under the Federal Power Act; that "The Federal Power Commission be declared to be the proper regulatory body over the rates of Iowa-Illinois in their rates to consumers in both Iowa and Illinois." Plaintiffs also enlarge the sweep of the arc of relief they seek by praying for a nullification of the final rate order issued, September 28, 1953, by the Illinois Commerce Commission regulating intra-state rates of Iowa-Illinois, and for an injunction inhibiting that utility from putting into effect any new rate schedules stemming from its petition filed February 3, 1954 with the Davenport City Council.

But there are absent any allegations manifesting even an attempt to exhaust or employ administrative remedies at the state level. Public Service Commission of Utah v. Wycoff Co., 1952, 344 U.S. 237, 246, 73 S.Ct. 236, 97 L.Ed. 291. Nor is there a showing that plaintiffs sought aid from the Federal Power Commission. Federal Power Commission v. Arizona Edison Co., 9 Cir., 1952, 194 F. 2d 679. Instead plaintiffs view this declaratory judgment proceeding as an ignition switch by which to start the machinery of the federal administrative agency. Indeed it is the inaction of the Federal Power Commission that plaintiffs complain of. Utilizing a remedy labeled "declaratory judgment" adds nothing significant to plaintiffs' abortive effort to short circuit procedural and administrative steps intimately connected

2. 16 U.S.C.A. § 791a et seq.

with the regulation and supervision of the public utility, Iowa-Illinois. Colegrove v. Green, 1946, 328 U.S. 549, 551, 66 S.Ct. 1198, 90 L.Ed. 1432; Powers v. United States, 7 Cir., 1954, 218 F.2d 828, 829.

The various phases of Maneja v. Waialua Agricultural Co., 1955, 349 U.S. 254, 75 S.Ct. 719, 99 L.Ed. 1040, reversing, 9 Cir., 1954, 216 F.2d 466, reversing, D.C. Hawaii 1951, 97 F.Supp. 198, so strongly insisted upon by plaintiffs are unpersuasive on this appeal. Similarly, Bowie v. Gonzalez, 1 Cir., 1941, 117 F.2d 11, which plaintiffs couple with Maneja, is without bearing here. In neither of those opinions was any issue raised concerning an incipient federal-state conflict which we think is implicit in the appeal now before us.

■ In passing, it should be said that there is a patent defect apparent on the face of the complaint since it fails in demonstrating, as plaintiffs plead, how this "action arises under the Federal Power Act." To all that has been said need only be added the discretionary aspect involved in granting or withholding declaratory judgments. Alabama State Federation of Labor v. McAdory, 1945, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725. We think the district judge correctly declined to indirectly coerce and activate the Federal Power Commission or oust the Illinois Commerce Commission.

By stipulation this case was submitted on briefs without oral argument.

The district court's judgment brought here for review is affirmed.

Affirmed.

SCHNACKENBERG, Circuit Judge (concurring).

Plaintiffs contend in their brief that there is here involved an integrated complex single interstate operation, and that the exclusive jurisdiction over interstate activities rests in the Federal Power Commission. If this be true, there was no occasion for plaintiffs to ask a United States district court to take jurisdiction. Under the Federal Power Act, the commission, as an administrative agency of the federal government, has power to determine the coverage of the act. Federal Power Commission v. Arizona Edison Co., 9 Cir., 194 F.2d 679, 683.[3] The court there said:

"To hold otherwise would result in piecemeal administration of the Act, burdensome delays in giving effect to congressional intent and might deprive the courts of the informed judgment of the Commission on so fundamental a question. The Connecticut Light & Power decision [Connecticut Light & Power Co. v. Federal Power Commission, 324 U. S. 515, 65 S.Ct. 749, 89 L.Ed. 1150] recognized the Commission's power in this respect by remanding the case to the Commission with a requirement that appropriate jurisdictional findings be made. Numerous cases have affirmed Commission orders determining status derived from proceedings initiated in a manner similar to the one before us."

The entertainment of a declaratory judgment proceeding by the district court for the purpose of determining the status of an operation such as that involved in this case would be inconsistent with the plan of the Federal Power act.

3. That was an action brought by the commission in a district court to secure enforcement of its order finding a utility company subject to its jurisdiction and directing the company to comply with outstanding regulations of the commission.