SEARS, ROEBUCK AND CO., Plaintiff-
Appellant,

v.

ZURICH INSURANCE COMPANY,
Defendant-Appellee.

No. 17529.

United States Court of Appeals,
Seventh Circuit.

Feb. 16, 1970.

Burton Y. Weitzenfeld, Arthur L. Klein, Chicago, Ill., for plaintiff-appellant; Arnstein, Gluck, Weitzenfeld & Minow, Chicago, Ill., of counsel.

John M. Moelmann, Thomas J. Weithers, Chicago, Ill., for defendant-appellee; Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., of counsel.

Before DUFFY, Senior Circuit Judge, KERNER, Circuit Judge, and GRANT,* District Judge.

GRANT, District Judge.

This is an appeal from a District Court's dismissal, *sua sponte,* of a diversity declaratory judgment action instituted by Sears, Roebuck and Co. (Sears), a New York corporation with its principal place of business at Chicago, Illinois, against Zurich Insurance Company (Zurich), a Swiss corporation with its principal place of business at Zurich, Switzerland.

* Chief Judge Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

Sears had been sued in the Superior Court of Suffolk County, Massachusetts, by John and Elizabeth Malone, and that suit was subsequently removed to the Federal District Court at Boston. The essence of the Malones' complaint was that a television set purchased by them from Sears exploded and burned in their home, causing property damage in the amount of $45,500. The television set in question had been manufactured by Warwick Electronics, Inc. (Warwick), Zurich's principal insured. The Malone complaint in six counts alleged that the television set had been defectively manufactured and in two counts alleged that the television set had been improperly serviced by Sears. The latter two counts are exclusions in the Zurich policy for which Zurich is not liable. Neither Zurich nor Warwick are parties to the Malone action.

Although tendered the defense of that action, Zurich refused to defend on behalf of Sears in the Malone suit. Sears thereupon brought this declaratory judgment action in the United States District Court for the Northern District of Illinois, Eastern Division, seeking a declaration of rights under a policy of insurance issued by Zurich to Warwick and extended to Sears by vendors endorsement. Sears sought a declaration that by virtue of the insurance policy and its extension to Sears, defendant was obligated to defend and indemnify Sears in the Malone action.

Following a hearing in the Illinois District Court, it was determined that the declaratory judgment action should not be transferred to the Massachusetts District Court under 28 U.S.C. § 1404(a). The learned District Judge then dismissed the declaratory judgment action, *sua sponte*, stating that, "As a matter of policy, this Court is of the opinion that questions of this nature belong more properly in the state courts."

The sole issue presented to us for review is whether the Illinois District Court abused its discretion in so dismissing this declaratory judgment action.

Title 28 U.S.C. § 2201 reads:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

■ It is agreed by all concerned that a district court has discretion whether to entertain an action for a declaratory judgment. Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962); Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); Sears, Roebuck and Co. v. American Mutual Liability Insurance Co., 372 F.2d 435 (7th Cir., 1967); Gill v. Iowa-Illinois Gas and Electric Company, 233 F.2d 145 (7th Cir., 1956); Chicago Furniture Forwarding Co. v. Bowles, 161 F.2d 411 (7th Cir., 1947). A district court's discretion is not, however, unbridled; arbitrariness or the personal whim of the district court may not enter into its decision whether to grant or deny declaratory relief. Mutual Life Insurance Co. of New York v. Krejci, 123 F.2d 594 (7th Cir., 1941); Standard Acc. Ins. Co. v. Leslie, 55 F. Supp. 134 (E.D.Ill., 1944).

An immediate and actual controversy between Sears and Zurich exists in this case. Specifically at issue in the Illinois litigation are the questions whether Zurich is obligated to defend on behalf of Sears notwithstanding the Malones' allegations concerning servicing and repair; whether Sears gave timely notice of the occurrence as soon as practicable; and whether Sears failed to cooperate with Zurich. Sears alleges that the defense of the Malone lawsuit was tendered to and refused by Zurich and that Zurich is obligated to defend that lawsuit, to pay its costs of defense and to pay any judgment rendered therein. Zurich de-

nies this obligation on the grounds (1) that the policy excludes coverage if the occurrence arose out of Sears' servicing or repair and the Malones' complaint alleges improper servicing and repair in addition to defective product; (2) that notice of the occurrence was not given by Sears as soon as practicable; and (3) that Sears did not cooperate with Zurich.

The question of an insurance company's duty to defend plainly presents a present controversy ripe for declaratory relief. United States Fidelity & Guaranty Co. v. Millers Mutual Fire Ins. Co. of Texas, 396 F.2d 569 (8th Cir., 1968); Globe Indemnity Co. v. St. Paul Fire & Marine Ins. Co., 369 F. 2d 102 (3rd Cir., 1966); Bruce v. United States Fidelity & Guaranty Co., 277 F.Supp. 439 (D.S.C., 1967). This same District Judge earlier recognized this principle in Gulf Insurance Company v. Dooley, 286 F.Supp. 16 (N.D.Ill., 1968) in which he held that a suit for declaratory judgment filed by the Gulf Insurance Company to determine whether it had an obligation to defend a lawsuit pending against one of its insureds was indeed "ripe for declaratory relief". In that case, the insurance company was precluded under Illinois law to raise the question of its policy's coverage in the state suit which the insurance company claimed it did not have to defend. The case at bar is analogous. Zurich is not a party to the Malone action and accordingly is not able to raise the question of its policy's coverage in that suit. It is raising here those issues which will not be treated in the Malone action—truly a case ripe for declaratory relief.

Such was the case in American States Insurance Company v. D'Atri, 375 F.2d 761 (6th Cir., 1967) which we find very much on point. The Sixth Circuit held that the Ohio District Court had abused its discretion in dismissing a complaint filed by an insurer seeking declaratory relief. The Court of Appeals found that the pendency of a personal injury suit against the insured in state court on a matter which the insurer claimed fell within an exclusionary clause of its liability policy did not bar the insurer from seeking a declaratory judgment on whether it was contractually obligated to defend and protect the insured. We believe the language in that case at page 763 is worthy of note:

The District Judge dismissed plaintiff's complaint, mainly on the basis that the question of whether or not plaintiff's insurance policy covered the accident was inextricably bound up with the general question of D'Atri's liability to Leona, and that it would therefore be impolitic for the District Court to resolve the same issues that were then pending and would be resolved in the Common Pleas action.

There are, however, important differences in the matters presented in the District Court and the Common Pleas proceedings. Whether the insurance company is contractually obligated to defend and protect D'Atri involves considerations that are not relevant to whether or not D'Atri, as a matter of tort law, is liable for the damages incurred by Leona Fox. The question of timely notice, as required by the policy, for instance, has little to do with any claim of lack of due care that Leona may make against the insured. * * *

We do not believe that, considering the purposes of the Federal Declaratory Judgment Act, the plaintiff should be forced into a waiting period of legal uncertainty respecting the obligations it has incurred in its policy. We recognize that under the Act a District Judge has discretion in allowing its employment, but we do not think it should have been denied in this case. We have said that a declaration of rights and duties, such as this plaintiff seeks, should not be refused, "because of the pendency of another suit if the controversy between the parties will not necessarily be determined in that suit. * * *"

See also Utilities Insurance Company v. Ledford, 255 F.2d 123 (6th Cir., 1958);

Hoosier Casualty Co. v. Chimes, Inc., 95 F.Supp. 879 (E.D.Mich., 1951).

 While it is true that the granting of the declaratory remedy is discretionary with the district court and may be refused if it is being sought merely to determine the *same issues* involved in a case already pending, as seen, the mere pendency of another suit is not enough in itself to refuse a declaration. Sears, Roebuck and Co. v. American Mutual Liability Ins. Co., *supra*; Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 123 F.2d 518 (7th Cir., 1941); Aetna Casualty & Surety Company v. Hatridge, 282 F.Supp. 604 (W.D.Ark., 1968); National Union Fire Ins. Co. of Pittsburgh v. Lippert Bros., Inc., 233 F.Supp. 650 (D.Neb., 1964); Kephart v. Wilson, 219 F.Supp. 801 (W.D.Texas, 1963); Allstate Insurance Company v. Dillard, 190 F.Supp. 111 (E.D.Pa., 1960); General Accident Fire & Life Assur. Corp. v. Morgan, 33 F.Supp. 190 (W.D.N.Y., 1940).

Zurich is not a party to the Malone suit in Massachusetts. The controversy between Sears and Zurich involves the duty to defend, timely notice and cooperation. These issues will not be determined in the Malone action and are ripe for review in the District Court of Illinois. Determination of these issues by the District Court will relieve the parties from hereafter acting at their peril. The question of Sears' coverage under the insurance policy, which is the issue to be litigated in the District Court, is independent of the issue of liability being litigated in the Malone action. By dismissing this declaratory judgment action, the Illinois District Court is leaving the controversy between Sears and Zurich unsettled with a lack of clarification of the legal relations in issue.

The fact that in the case at bar, as distinguished from many of the cases we have cited, the insured instead of the insurer sought the declaratory judgment, is not a matter affecting the principles we have stated, for the issues are the same and the interest of the insured is as great as that of the insurer. Sears, Roebuck and Co. v. American Mutual Liability Ins. Co., *supra*.

We hold that the Illinois District Court did not properly exercise a discretion given under the Declaratory Judgment Act and that it should not have dismissed this action.

The judgment of the District Court is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.