ACandS, INC., Appellant,

v.

The AETNA CASUALTY AND SURETY COMPANY, Appellee,

and

The Travelers Indemnity Company and The Travelers Insurance Company, Appellees.

ACandS, INC., Appellee,

v.

The AETNA CASUALTY AND SURETY COMPANY, Appellee,

and

The Travelers Indemnity Company and The Travelers Insurance Company, Appellants.

Nos. 80–2659, 80–2660.

United States Court of Appeals, Third Circuit.

Argued Nov. 19, 1981.

Decided Dec. 9, 1981.

As Amended Dec. 22, 1981.

Richard G. Schneider, Frank H. Griffin, III (argued), Mark C. Rahdert, Dechert, Price & Rhoads, Philadelphia, Pa., for ACandS, Inc.

Tyson W. Coughlin, Linda S. Martin, Philadelphia, Pa., William H. Black, Jr. (argued), Andrew C. Hecker, Jr., Hecker, Maginnis, Rainer & Brown, Philadelphia, Pa., for The Travelers Indemnity Co. and The Travelers Insurance Co.; Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., of counsel.

Richard K. Masterson (argued), Margaret Mary Maguire, Masterson, Braunfeld, Himsworth & Maguire, Norristown, Pa., for The Aetna Casualty and Surety Co.

Before GIBBONS and HIGGINBOTHAM, Circuit Judges, and MEANOR,* District Judge.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

ACandS, Inc. appeals from an order dismissing its suit against The Aetna Casualty & Surety Company (Aetna), The Travelers Indemnity Company and The Travelers Insurance Company (Travelers) for declaratory relief and for damages.[1] Travelers also appeal from an order of the district court dismissing their cross-claim for a declaratory judgment against ACandS and Aetna. We conclude that the district court, 500 F.Supp. 511 (E.D.Pa.1980), erred in finding the complaint and cross-claim non-justiciable and we reverse.

ACandS, Inc.,[2] since it began business in 1957, has, among other activities, installed industrial and commercial insulation. Until 1972–73, these insulations contained asbestos, a pernicious chemical that may cause

---

* Hon. H. Curtis Meanor, United States District Judge for the District of New Jersey, sitting by designation.

1. The suit against Travelers is for declaratory relief only.

2. Plaintiff is the successor in interest to the Armstrong Contracting and Supply Corp. The

asbestosis, mesothelioma, and lung cancer—lung diseases with long gestation periods.[3]

ACandS has been caught in the recent nationwide flood of lawsuits[4] seeking to recover damages for harm caused by exposure to asbestos. These cases typically involve insulation installers or their survivors claiming injury or wrongful death as a result of inhaling asbestos fibers.[5] The aggregated costs of defending these cases and the potential liability for damages are staggering.

ACandS does not, however, face this burden alone. Since 1958, it has had comprehensive liability insurance, first from Travelers and then from Aetna. Coverage has been under policies obligating the insurer to defend ACandS in any damages suit for injury arising out of an "accident" or "occurrence"[6] during the policy period. The insurer also has to pay all sums to which ACandS becomes obligated as damages in these suits. Coverage for the consequences of any successfully asserted complaint will thus depend on which policies are implicated by a given claim of injury.[7] The complicated nature of human physiological interactions with asbestos, as well as the nature of the resulting diseases, have led to a disagreement among the litigants about their respective duties to defend and to pay in the underlying suits.[8] ACandS asserts that whichever insurer had a policy in effect at the time an injured claimant was first exposed to asbestos must defend the resulting suit and indemnify ACandS for the resulting judgment—the "exposure" theory. Aetna subscribes to the "manifestation" theory, contending that it is only obligated to perform its contract duties with respect to asbestos injuries that first manifested themselves during the period of coverage. Finally, Travelers advance the "pro-rata exposure" theory whereby the injury is viewed as occurring continuously from the first instance of exposure until death—even during periods of no contact with asbestos. Under this theory, an insurer's obligations are prorated in the ratio of the period of its coverage to the entire period of injury.[9]

Each defendant has acted upon its interpretation of the policy terms: Aetna refuses to handle and defend lawsuits in which potential liability is based on exposure to asbestos;[10] Travelers have not offered to defend ACandS or to make any payments on its behalf.[11] The net result has been that ACandS is forced to defend underlying cases and pay costs and face liabilities that would otherwise be incurred by its insurers.

Seeking to extricate itself from this untenable position, ACandS brought this multiple count suit against Aetna and Travelers. Counts I and IV seek a declaration of the respective obligations of Aetna, Travelers and ACandS to defend the underlying

company's name was changed in 1969 to ACandS, Inc.

3. *Keene Corp. v. Ins. Co. of No. America*, No. 81–1179/81, slip op. at 4–5 (D.C.Cir. Oct. 1, 1981) (Bazelon, J.).

4. ACandS has been named as a co-defendant in at least 800 suits. The delay in disease manifestation guarantees that more suits will be brought against ACandS despite its discontinuance of asbestos use. We are told, at oral argument, that there has already been a substantial increase in the number of these suits.

5. *Keene Corp., supra*, slip op. at 4.

6. The Travelers' policy obligations are triggered by an "occurrence" or "accident," while Aetna's obligations by an "occurrence." This distinction is not important for our purposes.

7. The insurers also undertake other duties, such as a claims handling service.

8. ACandS would of course be recourseless if a given injury were deemed not covered by any insurance policy.

9. The actual intricacies of these contentions need not concern us. We merely map out roughly the disagreements among the litigants.

10. ACandS alleges that it has called upon Aetna to undertake the defense in such cases, and to provide other services—such as nationwide claims handling—in accordance with its insurance obligations.

11. Presumably Travelers stand ready to pay a pro-rata share of defense costs or damage payments. The pleadings do not disclose whether any demand for a defense was made on Travelers.

suits and to pay the resultant judgments. The focus of these claims is the interpretation of the insurance policies. Counts II and III are against Aetna alone. They allege breach of Aetna's contractual obligation to provide competent claims handling services and to defend asbestos lawsuits against ACandS; a breach of Aetna's duties of fair dealing; and, torts committed by Aetna against ACandS. No damage claims were asserted against Travelers. Travelers cross-claimed, seeking also a declaration of rights and obligations under the insurance policies.

The district court decided that the matters before it were not justiciable, and dismissed the complaint and cross-claim. The court determined that it was being asked to render a constitutionally impermissible advisory opinion as to the legal interrelationship of ACandS, Aetna and Travelers: there was no concrete dispute because the parties and the facts of the underlying asbestos suits were not before the court; plaintiff had no actual need for a determination of insurance coverage since it had not yet become liable to pay any judgment; and declaratory relief would not necessarily terminate the controversy. The claims for declaratory relief were thus dismissed as beyond the constitutional competence of a federal court.

The court also dismissed the breach of contract and tort claims against Aetna. It held that since these claims involved non-justiciable questions of policy coverage, they must also be non-justiciable.

 We think the district court committed error in dismissing the case as non-justiciable.[12] *See generally Keene Corp. v. Insurance Company of North America*, No. 81–1179/81 (D.C.Cir. Oct. 1, 1981); *see also Insurance Co. of North America v. Forty-Eight Insulations, Inc.*, 451 F.Supp. 1230 (E.D.Mich.1978), *aff'd*, 633 F.2d 1212, *opinion clarified*, 657 F.2d 814 (6th Cir. 1981).

Counts II and III of ACandS' suit allege present injury to plaintiff by Aetna's tortious conduct and by its breach of various contract obligations. All the parties in that respect are here, the harm has already occurred and defendant has acted. Plainly there is a "case or controversy" over these counts for purposes of article III, section 2 of the Constitution. This result would not be changed even if, *arguendo*, the assessment of relative defense and indemnity obligations under the insurance policies were deemed non-justiciable in the context of the declaratory claims. The non-justiciability of an issue is not immutable. If issues of contract interpretation occur in the context of a justiciable case or controversy—*e.g.*, the damage action here—they must be considered by the federal court.

Counts I and IV for declaratory relief, as well as Travelers' cross-claims are also justiciable. A federal court's authority to grant declaratory relief under 28 U.S.C. § 2201 (1976) extends to the article III limits on the court's power to adjudicate disputes. *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 239–40, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937). For a matter to be justiciable it must be a "case or controversy." "A justiciable controversy is distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot.... The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." 300 U.S. at 240–41, 57 S.Ct. at 463–64. There is sometimes a fine line between the hypothetical and the concrete, *Maryland Casualty Co. v. Pacific Coal and Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941), but not here. The dispute between Aetna, Travelers and ACandS as to the coverage of the insurance policies is real and concrete. The factors that will determine the relative duties and benefits under the insurance

---

12. Aetna vehemently argues that the lower court's decision was a proper exercise of discretion in a declaratory judgment suit. We understand Aetna's position to be that, even were the court's decision not justified on constitutional grounds—the basis on which the court in fact decided—it would be justified as a proper exercise of discretion. We find no merit in this contention. The court assumed that it had no discretion. Had it acted otherwise, it might well have committed reversible error on the record before us.

contracts are independent of the underlying claims and are being presented in an adversarial context by parties with adverse interests. *See generally, Maryland Casualty Co., supra.* Declaratory suits to determine the scope of insurance coverage have often been brought independently of the underlying claims albeit the exact sums to which the insurer may be liable to indemnify depend on the outcome of the underlying suits. *See Crowley's Milk Co. v. American Mutual Liability Insurance Co.,* 426 F.2d 752 (2d Cir. 1970); *Sears, Roebuck & Co. v. Zurich Insurance Co.,* 422 F.2d 587, 590 (7th Cir. 1970); *St. Paul Fire & Marine Insurance Co. v. Aetna Casualty & Surety Co.,* 357 F.2d 315 (10th Cir. 1966); *Federal Insurance Co. v. Michigan Mutual Liability Co.,* 277 F.2d 442 (3d Cir. 1960); *Bituminous Insurance Cos. v. Pennsylvania Manufacturers' Association Insurance Co.,* 427 F.Supp. 539 (E.D.Pa.1976). Moreover, that the adjudication will not result in any immediate payment of damages by the litigants here is not determinative. *Aetna Life,* 300 U.S. at 241, 57 S.Ct. at 464.

The inescapable indication of the actuality of this controversy is that a liability insurer's indemnification agreement carries with it not only an obligation to pay judgments against the insured but also, in the real world, to pay settlement amounts. Indeed liability insurers owe fiduciary obligations to their insureds with respect to the consideration of settlement offers and the conduct of settlement negotiations. *See generally Larraburu Brothers, Inc. v. Royal Indemnity Co.,* 604 F.2d 1208, 1210 (9th Cir. 1979) (California law); *Baton v. Transamerica Insurance Co.,* 584 F.2d 907, 911–12 (9th Cir. 1978) (Oregon law); *ACF Produce, Inc. v. Chubb/Pacific Indemnity Group,* 451 F.Supp. 1095 (E.D.Pa.1978) (Pennsylvania law). It would turn the reality of the claims adjustment process on its head to hinge justiciability of an insurance agreement on the maturation of a suit to a judgment when the overwhelming number of disputes are resolved by settlement. The respective interests and obligations of insured and insurers, when disputed, require determination much in advance of judgment since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement. So viewed, the controversy is quite proper for a judicial determination now. To delay for the sake of more concrete development would prevent the litigants from shaping a settlement strategy and thereby avoiding unnecessary costs. But declaratory judgment relief was intended to avoid precisely the "accrual of avoidable damages to one not certain of his rights." *Dewey & Almy Chemical Co. v. American Anode, Inc.,* 137 F.2d 68, 69 (3d Cir.), *cert. denied,* 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454 (1943). *See American Machine & Metals, Inc. v. De Bothezat Impeller Co.,* 166 F.2d 535 (2d Cir. 1948). A determination of legal obligations would thus strongly affect present behavior, have present consequences and resolve a present dispute. The claim for declaratory relief is a "case or controversy."

■ The justiciability of the parties' obligation to defend the underlying suit is an *a fortiori* case. The obligation to defend is a current one as to which the parties are in conflict. It is independent of the facts of the underlying causes and must, by definition, be handled at this time. This court and others have by now well established that a disagreement on the insurers' obligations to defend is a "case or controversy." *See Keene Corp., supra; Transport Indemnity Co. v. Home Indemnity Co.,* 535 F.2d 232 (3d Cir. 1976); *Globe Indemnity Co. v. St. Paul Fire & Marine Insurance Co.,* 369 F.2d 102 (3d Cir. 1966); *American Motorists Insurance Co. v. Mack,* 248 F.Supp. 1016 (E.D.Pa.1965). *See generally Insurance Company of North America, supra; Sears, Roebuck & Co. v. Zurich Insurance Co.,* 422 F.2d 587 (7th Cir. 1970).

The judgment appealed from will be reversed and the case remanded to the district court for further proceedings consistent with this opinion.