SCOTTSDALE INSURANCE COMPANY, Plaintiff,

v.

SUBSCRIPTIONS PLUS, INC., an Oklahoma corporation, Karleen Hillery f/k/a Karleen Humphries, Progressive Northern Insurance Company, Allstate Insurance Company, Universal Underwriters Insurance, Unity Health Plans Insurance Corporation, Heart of Texas, Dodge, Inc., Blue Cross/Blue Shield of Iowa, PPD Pharmaco, Albert L. Roberts, DeAnna Roberts, Janet Hanson, Charles Hanson, Phillip Ellenbecker, Bonita Lettman, John Lettman, Donna Wild, Deanna Wild, Michael McDaniel, Debbie McDaniel, Pam Christman, Staci M. Beck, Nicole McDougal, by her Guardian at Litem, attorney Robert Zitowsky, Elaine McDougal, Monica Forgues, by her Guardian at Litem, attorney Colleen J. Martine, Nancy Ashton, Kaila Blaine Gillock, Craig L. Fetcher, Shawn Kelly–Weir, Jeremy Holmes, Yes!, Inc. and Choan A. Lane, Defendants,

v.

Acceptance Insurance Companies, Intervening defendant.

No. 99-C-0539-C.

United States District Court, W.D. Wisconsin.

Aug. 11, 2000.

Michael R. Fitzpatrick, Brennan Steil Basting & MacDougall, Janesville, WI, for Scottsdale Insurance Company.

Robert W. Dace, McAfee & Taft, Oklahoma City, OK, for Hillery, Karleen Subscriptions Plus, Inc.

Mark M. Leitner, Kravit, Gass, Hovel & Leitner, Milwaukee, WI, for Progressive Casualty Insurance.

Rick E. Hills, Hills & Hicks, S.C., Brookfield, WI, for Allstate Insurance Company.

Stanley J. Lowe, White & Lowe, Waukesha, WI, for Heart of Texas Dodge, Inc., Universal Underwriters Insurance.

Robert S. Gallagher, Gosma & Gallagher, P.L.C., Davenport, IA, for Albert L. Roberts, Deanna Roberts.

Alexander S. Kammer, Atterbury & Riley, S.C., Madison, WI, for Pam Christman, Phillip Ellenbecker, Craig L. Fechter, Debbie McDaniel, Michael McDaniel.

James R. Jansen, Habush, Habush, Davis & Rottier, Madison, WI, for Bonita Lettman, John Lettman.

Camilo K. Salas, III, Sessions & Fishman, L.L.P., New Orleans, LA, for Diana Wild, Donald Wild.

Douglas B. Keberle, Keberle & Patrykus, West Bend, WI, for Staci M. Beck.

James Murphy, Milwaukee, WI, for Elaine McDougal, Nicole McDougal.

Victor Arellano, Lawton & Cates, Madison, WI, for Nancy Ashton, Monica Forgues.

Mark P. Murphy, Milwaukee, WI, for Shawn Kelly–Weir.

Clay R. Dutcher, Kasdorf, Lewis & Swietlik, S.C. Wausau, WI, for Choan A. Lane.

Barbara A. O'Brien, Milwaukee, WI, for Acceptance Insurance Co. (Interv).

James E. Snodgrass, Snodgrass & Dieringer, Brookfield, WI, for Unity Health Plans Insurance Corp.

## OPINION AND ORDER

CRABB, District Judge.

In this civil action for declaratory relief, plaintiff Scottsdale Insurance Company contends that it has no duty to defend or indemnify any of the named defendants for liability resulting from a van crash in which seven young people were killed and several more injured. Now before the court are the following motions. Defendants Monica Forgues and Nancy Ashton seek dismissal of the case for lack of diversity subject matter jurisdiction or, in the alternative, under the doctrine of abstention because a lawsuit involving the same accident and parties is proceeding in Wisconsin state court. Alternatively, defendants Forgues and Ashton seek a stay of the proceedings in this case. Plaintiff, admitting lack of diversity between itself and defendant Progressive Northern Insurance Company, seeks to drop its claim against defendant Progressive under Fed.R.Civ.P. 21, but asks the court to exercise supplemental jurisdiction over defendant Progressive's cross claims against other defendants pursuant to 28 U.S.C. § 1367. Finally, defendant Progressive moves for summary judgment, contending that it has no duty to defend or indemnify any of the other defendants for liability resulting from the van crash.

I conclude that defendant Progressive must be dismissed from this case pursuant to Rule 21 and that the court cannot exercise supplemental jurisdiction over defendant Progressive's cross claims against other defendants because defendant Progressive cannot be joined under Rules 19 or 20 and thus is no longer a party to this case. Because I find that defendant Progressive is not an indispensable party to these proceedings within the meaning of Fed.R.Civ.P. 19, the

motion to dismiss for lack of diversity subject matter jurisdiction of defendants Forgues and Ashton will be denied. In addition, defendant Progressive's motion for summary judgment will be denied as moot. Finally, the motion of defendants Forgues and Ashton for the court either to abstain from hearing this case or to stay the proceedings during the pendency of state litigation will be denied.

For the sole purpose of deciding these motions, I find the following facts.

## FACTS

On March 25, 1999, a van accident occurred in Rock County, Wisconsin, resulting in seven deaths and numerous injuries. In addition to this lawsuit, three civil lawsuits were filed in Wisconsin state courts and one in Louisiana federal court, which was then transferred to this court (*Wild v. Subscriptions Plus, Inc.*, 00–C–67–C).

Plaintiff issued a commercial general liability insurance policy to defendants Subscriptions Plus, Inc. and Karleen Hillery, its owner, which was in effect at the time of the crash. Defendant Progressive issued a policy to defendant Subscriptions Plus that may have covered the van. Defendants Subscriptions Plus and Hillery tendered the defense of the civil actions and indemnification to plaintiff and other insurers. Plaintiff has retained counsel to defend defendants Subscriptions Plus, Inc. and Hillery in the state court actions although it denies that the policy it issued affords coverage for liability resulting from the crash. Plaintiff initiated this suit in order to resolve the question whether it is obliged to defend or indemnify any of the named defendants.

Defendants Forgues and Ashton are citizens of Wisconsin. Plaintiff is a citizen of Arizona and Ohio. Defendant Progressive is a citizen of Wisconsin and Ohio.

## OPINION

There is no dispute that there is not complete diversity between plaintiff and defendants, thereby depriving the court of subject matter jurisdiction over this lawsuit. The question is what is to be done about it. Defendants Forgues, Ashton, Subscriptions Plus, Inc. and Hillery ask that the suit be dismissed in one of two manners: realign the parties along their true interests, in which case diversity would be destroyed; or find defendant Progressive an indispensable party within the meaning of Rule 19(b) and dismiss the case on the basis of defendant Progressive's non-diverse citizenship from plaintiff. Alternatively, they want the court to abstain from deciding the case until the state court proceeding determining liability is resolved. Plaintiff and defendant Progressive ask that the court allow plaintiff to drop its claim against defendant Progressive pursuant to Rule 21 but maintain supplemental jurisdiction under 28 U.S.C. § 1367 over defendant Progressive's cross claim for summary judgment that it does not have an obligation to defend or indemnify any other party.

### A. Realignment

Defendants Forgues and Ashton argue that defendant Progressive should be realigned as a plaintiff in this case and cite *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146 (7th Cir.1981), in support. In *American Motorists*, the plaintiff insurance company filed a diversity action against other insurers that it claimed had a duty to defend the insured. This court realigned the parties according to what I perceived as their real interests and dismissed the case for lack of diversity subject matter jurisdiction. The court of appeals agreed that where jurisdiction is based on diversity, courts may realign parties when "no actual, substantial controversy exists between parties on one side of the dispute and their named opponents, although realignment may destroy diversity and deprive the court of jurisdiction." *Id.* at 149 (citing *Chase National Bank*, 314 U.S. at 69, 62 S.Ct. 15 ("Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants.")). However, the court of appeals reversed my decision to realign the parties, finding that the insurers' interests were in "substantial conflict ... notwithstanding their common interests in avoiding liability." *Id.* at 150. Specifically, the court of appeals found that each insurer would benefit from holdings that the other

was liable to defend the insured and that this potential benefit was a fact that had been in existence from the beginning of the lawsuit. *Id.* The court stated that "the propriety of alignment is a matter not determined by mechanical rules, but rather by pragmatic review of the principal purpose of the action and the controlling matter in dispute.... Realignment is proper where there is no actual, substantial conflict between the parties that would justify placing them on opposite sides of the lawsuit." *Id.* at 151.

Similarly, in *Truck Insurance Exchange v. Ashland Oil, Inc.,* 951 F.2d 787 (7th Cir. 1992), the plaintiff insurer sought a declaration that it had no duty to defend or indemnify the defendant, its insured, as well as its insured's victims. The case was in federal court on the basis of diversity subject matter jurisdiction. Noting that ordinarily the victim of an accident is on one side of a lawsuit and the insured and his insurer on the other, the court of appeals first considered whether the parties were properly aligned, "that is, whether the plaintiff and the defendant are real adversaries," as opposed to adversaries for the purpose of manufacturing diversity jurisdiction. *Id.* at 788 (citing *City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941); *Fidelity & Deposit Co. v. City of Sheboygan Falls,* 713 F.2d 1261 (7th Cir.1983)). The court found that the parties were properly aligned because the plaintiff sought a declaration that it could disclaim liability to both its insured and the insured's victim; "therefore the plaintiff in this suit really [was] the adversary of all the defendants." *Id.* (citing *Bonell v. General Accident Fire & Life Assurance Corp.,* 167 F.Supp. 384 (N.D.Cal.1958)).

Because plaintiff and defendant Progressive both insure defendant Subscriptions Plus, their interests in who must defend or indemnify that defendant are sufficiently adverse to justify their alignment as plaintiff and defendant. Clearly, it would be in defendant Progressive's interest if plaintiff were found obligated to defend or indemnify defendant Subscriptions Plus. This case presents a closer question than either *American Motorists* or *Truck Insurance Exchange* because plaintiff cannot assert any claim

against defendant Progressive without destroying diversity jurisdiction (and, in fact, has said it would not assert any claim), but I conclude that they are adversaries in reality. There is a mutual interest among all the defendants in a holding that plaintiff is obliged to defend or indemnify defendant Subscriptions Plus and plaintiff and defendant Progressive have divergent interests on that issue.

Defendants Forgues and Ashton argue briefly that other parties should also be realigned, in particular intervening defendant Acceptance Insurance Company. According to defendants Forgues and Ashton, intervening defendant Acceptance Insurance's principal place of business is Iowa and its presence as a plaintiff would destroy diversity jurisdiction. Intervening defendant Acceptance Insurance argues that because it is domiciled in Nebraska and has its principal place of business there, its presence has no adverse impact on diversity jurisdiction because none of the other parties are alleged to be residents of Nebraska. Therefore, the realignment of intervening defendant Acceptance Insurance is a moot point. Because defendants Forgues and Ashton have not responded to intervening defendant Acceptance Insurance's argument, I assume they waive their contention that intervening defendant Acceptance Insurance should be realigned as a plaintiff. *See Central States, Southeast and Southwest Areas Pension Fund v. Midwest Motor Express, Inc.,* 181 F.3d 799, 808 (7th Cir.1999) ("Arguments not developed in any meaningful way are waived.").

### B. *Rule 21 and 28 U.S.C. § 1367*

█ Rule 21 empowers federal courts to add parties, "drop" (that is, dismiss) parties and sever claims. Nominally, the rule applies only to the "misjoinder" and "non-joinder" of parties; however, it is also used in the absence of misjoinder and non-joinder to dismiss nondiverse, dispensable parties to cure a lack of diversity subject matter jurisdiction and preserve as much of a case as is properly before the court. *See Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); *Bhatla v. U.S. Capital Corp.,* 990 F.2d 780, 786 (3d Cir. 1993). Parties may be dropped "at any stage

of the action." Rule 21. Although "misjoinder of parties is not grounds for dismissal of an action," *id.*, if a dismissed party is determined to be "indispensable" under Rule 19(b), then the action must be dismissed. *See Newman–Green*, 490 U.S. at 830, 109 S.Ct. 2218.

In this case, it seems clear that defendant Progressive must be dismissed pursuant to Rule 21 in order to cure the lack of diversity subject matter jurisdiction and preserve as much of the case as is properly before the court. However, plaintiff and defendant Progressive have another idea: they will drop their *claims* against each other pursuant to Rule 21, defendant Progressive can remain in the case and the court can exercise supplemental jurisdiction over defendant Progressive's cross claims against its co-defendants pursuant to 28 U.S.C. § 1367.

Section 1367 permits a federal court to exercise supplemental jurisdiction "over all claims which, while lacking an independent basis of federal subject matter jurisdiction, arise from the same transaction or occurrence as the claim that invoked the court's subject matter jurisdiction originally." 4 *Moore's Federal Practice*, § 19.04[1][a] (Matthew Bender 3d ed.). As plaintiff and defendant Progressive correctly argue, defendant Progressive's cross claim arises from the same occurrence as plaintiff's claim, the van crash. However, § 1367(b) provides three exceptions to the grant of supplemental jurisdiction for cases brought under diversity jurisdiction. Courts may not exercise supplemental jurisdiction in diversity cases over claims (1) by plaintiffs joined under Rule 19 as necessary parties; (2) by absentee parties seeking to intervene as plaintiffs pursuant to Rule 24; and (3) by plaintiffs against parties joined pursuant to Rules 14, 19, 20 or 24. A common thread to these three exceptions is that they apply only to claims by plaintiffs; they do not apply to claims by defendants. *See id.* Thus, plaintiff and defendant Progressive conclude, § 1367(b) does not prevent the court from exercising supplemental jurisdiction over defendant Progressive's cross claims against its co-defendants.

The problem with plaintiff's and defendant Progressive's plan is that Rule 21 requires the court to drop nondiverse "parties," not nondiverse "claims." In other words, it is defendant Progressive, not plaintiff's claim against defendant Progressive, that must be dropped. Claims may be "severed and proceeded with separately," Rule 21, but severance of claims leads to discrete actions and separate judgments, *see United States ex rel. LaCorte v. SmithKline Beecham*, 149 F.3d 227, 231 (3d Cir.1998), a result neither plaintiff nor defendant Progressive seeks. More important, neither plaintiff nor defendant Progressive cites any support for the proposition that the court may sever and proceed separately with claims between nondiverse parties when diversity is the basis of the court's subject matter jurisdiction.

Once defendant Progressive is dismissed from the case pursuant to Rule 21 for lack of diversity, it must somehow re-enter the case as a defendant before the court can exercise supplemental jurisdiction over its claims under § 1367. It cannot re-join the case pursuant to Rule 19(a) because only parties "whose joinder will not deprive the court of jurisdiction over the subject matter of the action" may be joined under that rule. Obviously, defendant Progressive's common citizenship with plaintiff would deprive the court of diversity subject matter jurisdiction. *See* 4 *Moore's Federal Practice*, § 19.04[1][b] ("Of course, the court's alignment of the absentee to be joined through compulsory joinder might violate the complete diversity rule, in which case joinder would be infeasible."). Defendant Progressive cannot re-join the case as a defendant pursuant to Rule 20(a) because that rule allows joinder of defendants only "if there is asserted against them jointly, severally, or in the alternative any right to relief." Rule 20(a). As plaintiff and defendant Progressive concede, plaintiff can assert no claim against defendant Progressive in this case because such a claim would destroy diversity jurisdiction. In addition, defendant Progressive could not re-join the case as a plaintiff pursuant to Rule 20(a) because its presence would destroy diversity jurisdiction (it is a citizen of Wisconsin) and the court would be unable to exercise supplemental jurisdiction under § 1367(b) over its claims.

Defendant Progressive could seek to intervene as a defendant pursuant to Rule 24, but it has not filed a motion to do so as required by Rule 24(c). Defendant Progressive states that it will file such a motion if it is dropped from this case. It is free to do so, but it must be prepared to explain why it believes that a nondiverse intervening defendant may assert cross claims against other defendants. At this stage of the lawsuit, however, I conclude that this court cannot exercise supplemental jurisdiction over defendant Progressive's cross claims pursuant to § 1367 because defendant Progressive has been dropped from the case pursuant to Rule 21 and has not re-joined it.

### C. *Rule 19(b)*

Having decided that defendant Progressive must be dropped from the case pursuant to Rule 21, I must determine whether defendant Progressive is an indispensable party to this proceeding within the meaning of Rule 19(b). If defendant Progressive is indispensable to this case, then dropping it from the case pursuant to Rule 21 means that the case itself must be dismissed pursuant to Rule 19(b).

A party is "indispensable" to a lawsuit only when it is determined that (1) it is "needed for just adjudication" (that is, necessary); (2) joinder is not feasible; and (3) proceeding in the party's absence creates an impermissibly high risk of harm to either the absentee party or the extant parties. Rule 19(a); *see also Schlumberger Indus., Inc. v. National Surety Corp.*, 36 F.3d 1274, 1285–86 (4th Cir.1994). For the sole purpose of deciding this motion, the second question has been answered already: joinder is not feasible. *See* 4 *Moore's Federal Practice* § 19.02[3][b] ("Joinder will not be feasible if it destroys subject matter jurisdiction.... Specifically, this concern refers to the possibility that joining the absentee will destroy diversity of citizenship jurisdiction.").

### 1. *Necessary party*

■ The first step in determining whether an absent party is necessary for just adjudication under Rule 19 is examining whether "complete relief" can be accorded those who are "already parties" without the absent par-

ty. Rule 19(a)(1); *see also Temple v. Synthes Corp.*, 498 U.S. 5, 6, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) ("[O]ne focus of Rule 19 is the 'interest of the courts and the public in complete, consistent, and efficient settlement of controversies.' ") (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)). The second question is whether the litigation will have a direct and immediate impact on the interests of the absentee party. *See* Rule 19(a)(2)(i). Finally, it is necessary to determine whether adjudication without the absent party puts an extant party in danger of inconsistent obligations or multiple liability. *See* Rule 19(a)(2)(ii). The first question focuses on the harm to the public of proceeding in the party's absence; the second, on the harm to the absent party; and the third, on the harm to the extant parties. "An absentee whose nonjoinder results in *any* of these three problems identified by the Rule is necessary." 4 *Moore's Federal Practice* § 19.03[1].

#### a. Complete relief/public interest

■ In addition to this civil lawsuit, there are four others proceeding in the aftermath of the van crash. The public interest would be served by resolution of all questions of liability and coverage in a single forum, but it seems there is no longer any hope for a "complete, consistent, and efficient settlement" of this controversy in a single forum, regardless whether defendant Progressive asserts its claimed lack of duty to defend or indemnify in this lawsuit. In other words, complete relief is unavailable to the parties in a single forum regardless what happens in this case. Accordingly, it cannot be said that the public interest will suffer significantly from proceeding with this case in the absence of defendant Progressive. In fact, the public interest is served by fulfilling the pragmatic aims of Rule 21 in allowing a court to keep as much of a case as is properly before it.

#### b. Defendant Progressive's interests

■ In order for a party to have an interest making the party necessary to a lawsuit, the interest must be legal rather than merely financial or an interest of convenience. *See*

*Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1043 (9th Cir.1983). Defendant Progressive has not argued that it is a necessary party in this case or that its interest is other than financial or one of convenience. In addition to seeking to intervene as a defendant in this case pursuant to Rule 24, defendant Progressive has at least two alternative ways in which it could present its claim that it has no duty to indemnify or defend its alleged insureds. Defendant Progressive is also a defendant in the *Wild* case proceeding in this court. It can ask the court to amend the pleadings and request declaratory relief in that action (there appears to be complete diversity in that case because defendants Donna and Deanna Wild, who are the plaintiffs in *Wild,* are citizens of Louisiana and no defendant is a citizen of Louisiana). Alternatively, it can comply with the wish of Judge O'Brien in the case proceeding in the Circuit Court for Dane County and resolve its duties in that forum after liability is determined. Moreover, plaintiff and defendant Progressive agree that whether their policies cover defendant Subscriptions Plus, Inc. depends upon entirely different fact questions. Thus defendant Progressive does not run the risk of inconsistent adjudications regarding coverage. Accordingly, it cannot be said that defendant Progressive's presence in this case is necessary to protect its own interests.

### c. Extant parties' interests

It is in the interest of defendant Forgues, Ashton, Hillery and Subscriptions Plus, Inc. to drop defendant Progressive and join it as a plaintiff, but that interest is not one that arises from "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Rule 19(a)(2)(ii). Rather, it is an interest that arises from their desire to have this case dismissed in its entirety for lack of diversity subject matter jurisdiction so that coverage questions can be resolved after liability is determined in state court. Otherwise, this court may find that plaintiff has no obligation to defend or indemnify defendants Hillery and Subscriptions Plus, Inc. even as other courts find that defendants Hillery and Subscriptions Plus, Inc. are liable to defendants Forgues and Ashton for the damages they suffered resulting from the van crash.

But defendant Forgues, Ashton, Hillery and Subscriptions Plus, Inc. will not have any "obligations" determined in this forum; only the insurers' obligations will be determined. At worst, the absence of defendant Progressive as a plaintiff means that defendants Forgues, Ashton, Hillery and Subscriptions Plus, Inc. face a risk of inconsistent *adjudications* regarding coverage and liability, not of inconsistent *obligations.* Rule 19(a)(2)(ii) prevents inconsistent obligations, not inconsistent adjudications. *See Schulman v. J.P. Morgan Investment Management, Inc.,* 35 F.3d 799, 806 (3d Cir.1994) ("Though it would be logically inconsistent for [defendant] to succeed in this federal action on its defense that no lease existed with respect to the tortious interference claim, and the [absentee] landlord to lose in the state court action because the state court decided the parties' actions and oral communications brought a lease into existence, logical inconsistency does not make a party indispensable."). Accordingly, Rule 19(a)(2)(ii) does not render defendant a necessary party to protect the interests of defendants Forgues, Ashton, Hillery and Subscriptions Plus, Inc.

Defendant Progressive meets none of the three tests for finding a party necessary to a proceeding within the meaning of Rule 19(a). Because defendant Progressive is not a necessary party within the meaning of Rule 19(a), by definition it cannot be an indispensable party within the meaning of Rule 19(b). *See Schlumberger Industries,* 36 F.3d at 1285–86 ("Only necessary persons can be indispensable, but not all necessary persons are indispensable."). Because defendant Progressive is not an indispensable party, its nondiverse status does not deprive the court of jurisdiction and does not mandate that the case be dismissed pursuant to Rule 19(b).

### D. *Abstention or Stay*

■ Defendants Forgues and Ashton argue that even if this court can exercise jurisdiction over all or some of this case, it should abstain from doing so or stay these proceedings until questions of liability are resolved in other fora. A district court may stay or dismiss an action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201(a) in "the

sound exercise of its discretion." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *see also Sta–Rite Industries, Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir.1996). As the Supreme Court explained in *Wilton*, 515 U.S. at 288, 115 S.Ct. 2137, "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." In that case, the Supreme Court found no abuse of discretion when a district court stayed a decision on insurance coverage while the same coverage issues were litigated between the same parties in state court. *See id.* at 290, 115 S.Ct. 2137.

In *Sta–Rite*, 96 F.3d at 287, the court of appeals found that the district court had discretion to decline to exercise jurisdiction over a declaratory judgment action brought by an insured against its insurers because there was a more comprehensive parallel state case proceeding, the case presented issues of first impression under Wisconsin law and the federal case had made little progress. In this case, by contrast, defendants Forgues and Ashton have not shown that the state court proceeding is more comprehensive than this one or that it is parallel. Indeed, plaintiff is seeking a declaration of its duties to defend and indemnify defendants in this case precisely because it is apparently unable to do so in the Dane County Circuit Court case until liability has been established, by which time it will have incurred considerable expense in defending its insureds. In addition, defendants Forgues and Ashton have not shown that this case presents issues of first impression under Wisconsin law or even that Wisconsin law applies to the coverage issues. Finally, a simple look at the docket sheet in this case provides evidence that it is well advanced, unlike the case in *Sta–Rite*.

In *Nationwide Insurance v. Zavalis*, 52 F.3d 689 (7th Cir.1995), an insurer brought a diversity action seeking a declaratory judgment that it had no duty to defend or indemnify its insureds in a state court suit filed by the insureds' victims. The case was decided before the Supreme Court's decision in *Wil-*

*ton*, but the standards it provides are instructive. The district court dismissed the declaratory suit because it believed it required resolution of a key factual question that was also at issue in the state proceeding. The court of appeals noted that "when a related state action is pending, concerns about comity, the efficient allocations of judicial resources, and fairness to parties come into play," but that " 'the mere pendency of another suit is not enough in itself to refuse declaration.' " *Id.* at 692 (quoting *Sears, Roebuck & Co. v. Zurich Insurance Co.*, 422 F.2d 587, 590 (7th Cir.1970)). The court of appeals stated that federal courts should consider

> whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory in another forum or at another time.

*Id.* (citations omitted). Applying those factors to the case before it, the court of appeals held that the district court did not abuse its discretion in deciding not to reach the matter of indemnity because resolution of the insurer's duty would require it to address a factual question at the heart of the state court action. *Id.* at 693. Conversely, the court of appeals found that the court should not have dismissed the question whether the insurer had a duty to defend its insured in the state court action because that question could be resolved without fact-finding that would interfere with the state court action. *Id.* at 695.

In this case, defendants Forgues and Ashton have not shown that resolution of the plaintiff's duty to defend or indemnify their insureds requires fact-finding that could conflict with facts found by the Dane County circuit court. Moreover, because coverage questions are not at issue in the state court actions at this time, deciding those questions in this forum will serve the useful purpose of clarifying the legal obligations among the parties and will not result in duplicative or piecemeal litigation. In addition, it appears

**648**

that the parties in this case are not identical to the parties in the state court cases. Although nothing prevents plaintiff from seeking resolution of the coverage questions in state court, on balance I cannot say that the interest of wise judicial administration outweighs plaintiff's interest in litigating in the forum of its choosing in this case. Accordingly, the motion of defendants Forgues and Ashton to abstain from or stay hearing this case during the pendency of the state court litigation pursuant to its discretion under 28 U.S.C. § 2201(a) will be denied.

## ORDER

IT IS ORDERED that:

1. The motion of defendants Forgues and Ashton to dismiss this case for lack of diversity subject matter jurisdiction, to abstain from deciding this case or to stay these proceedings during the pendency of state court litigation is DENIED;

2. The motion of plaintiff Scottsdale Insurance Company pursuant to Fed.R.Civ.P. 21 and 28 U.S.C. § 1367 is DENIED;

3. Defendant Progressive Insurance Company is DISMISSED pursuant to Rule 21; and

4. Defendant Progressive Insurance Company's motion for summary judgment is DENIED as moot.