**NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Donald LOWE, d/b/a Classic Touch Painting, et al., Defendants.**

No. Civ. A. 99–CV–4673.

United States District Court, E.D. Pennsylvania.

April 25, 2000.

John F. Lewis, Bennett, Bricklin & Saltzburg, Norristown, PA, for plaintiff.

Robert P. Fine, Fine & Staud, Philadelphia, PA, for Jacqueline Olcese, defendant.

Howard C. Pressman, Philadelphia, PA, for Michael Clymer, defendant.

### EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

On September 17, 1999, plaintiff Nationwide Insurance Co. ("Nationwide") filed a complaint for declaratory judgment. Nationwide seeks a declaration that it has no obligation to defend nor indemnify defendant Donald Lowe, d/b/a Classic Touch Painting ("Lowe") with respect to lawsuits instituted against Lowe by Jacqueline Olcese ("Olcese") and Michael Clymer ("Clymer") in the Court of Common Pleas of Montgomery County. Lowe has sought coverage under the insurance policy that was issued by Nationwide to Lowe for two lawsuits filed against him, the wrongful death and survival action filed by Olcese and the personal injury action filed by Clymer. In Olcese's underlying state court action, Olcese alleges that on November 25, 1996, David W. Olcese ("decedent") sustained injuries, resulting in his death, while performing demolition tasks, when he was an independent contractor or employee engaged or hired by Lowe. Clymer alleges that, on the same day, he sustained personal injuries while performing demolition tasks as an independent contractor or employee of Lowe. The parties agree that to the extent the decedent and Clymer are deemed employees of Lowe, Nationwide does not provide coverage.[1] *See* Tr. April 14, 2000 at 6. If the decedent and Clymer are found to be independent contractors of Lowe, however, Nationwide is obligated to defend and indemnify Lowe under the relevant insurance policy. *See id.* Therefore, the dispositive issue is whether the decedent and Clymer were Lowe's employees or independent contractors. Before me is defendant Olcese's motion to dismiss/ abstain and defendant Clymer's motion to dismiss/ abstain.

Whether or not to entertain a declaratory judgment action is within the sound discretion of the district court. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). In determining whether or not to exercise jurisdiction, a district court "should ascertain whether the questions or controversy between the parties to the federal suit ... can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The Third Circuit in *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213 (3rd Cir. 1989), stated that a declaratory judgment action should not be used as a race for *res judicata. See id.* at 1225. Where there is a potential conflict, the federal court should stay its determination of the declaratory judgment action, if the " 'same factual question' lies at the heart of both an insurance coverage dispute and the underlying tort action." *Id.* (citations omitted).[2]

---

1. Under the insurance policy, coverage includes the duty to defend and indemnify.

2. Although *Wilton* was decided after *Terra Nova*, *Terra Nova* appears to survive *Wilton*.

*See, e.g., Nationwide Mutual Fire Co. v. Shank*, 951 F.Supp. 68, 70 (E.D.Pa.1997) (explaining that the "Third Circuit in *Terra Nova* ... anticipated" *Wilton* ); *Aetna U.S. Healthcare, Inc. v. Columbia Casualty Co.*, No. Civ. A. 99–

█ Nationwide asserts that it has no duty to defend Lowe. *See* Compl. at 6. The insurance policy issued by Nationwide to Lowe states in pertinent part that "[w]e will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage,' 'personal injury' or 'advertising injury' to which this insurance applies. We will have the right and duty to defend any 'suit' seeking those damages." Compl. Ex. B. at 1. Under Pennsylvania law, any ambiguity in the contract of insurance must be resolved in favor of the insured since it was the insurer who wrote the contract. *See Cadwallader v. New Amsterdam Casualty Co.*, 396 Pa. 582, 587, 152 A.2d 484, 487 (1959). In this case, the insurance contract arguably requires Nationwide to defend Lowe, as the policy may apply if the decedent and Clymer are deemed independent contractors. Therefore, Nationwide has a duty to defend Lowe until a determination is made regarding whether the decedent and Clymer were independent contractors or employees. *See, e.g., Terra Nova,* 887 F.2d at 1226 (explaining that under Pennsylvania law " '[i]f the complaint filed against the insured avers facts which would support a recovery that is covered by the policy, it is the duty of the insurer to defend until such time as the claim is confined to a recovery that the policy does not cover.' ") (quoting *Erie Ins. Exch. v. Transamerica Ins. Co.,* 516 Pa. 574, 583, 533 A.2d 1363, 1368 (1987)).

█ As to Nationwide's assertion that it has no duty to indemnify Lowe because Clymer and Olcese were employees and not independent contractors, this issue may be resolved by the state court in the underlying state court action. In that ac-

tion, Clymer asserts that he was an independent contractor or, in the alternative, an employee of Lowe.[3] *See* Clymer's Compl. at ¶ 21. One of the defendants in the state court lawsuit is BroRock, Inc. ("BroRock"). BroRock allegedly was the contractor who subcontracted to Lowe. *See* Compl. Ex. A at ¶ 19. BroRock claims in its answer to Clymer's complaint that it is not liable for any injuries Clymer suffered if Clymer was Lowe's employee. *See* BroRock's Answer at ¶ 122. If BroRock's defense prevails, Clymer will not be able to recover against BroRock if Clymer is deemed an employee. The evaluation of BroRock's defense will necessarily require the state court to determine if Clymer was Lowe's employee. Inconsistent determinations of Clymer's status may result. While I may deem Clymer an independent contractor in federal court, the state court may find that Clymer was an employee. Furthermore, if I find that Clymer was an employee, Clymer may be collaterally estopped from claiming that he was an independent contractor. On the other hand, if I find that Clymer was an independent contractor, BroRock may still pursue its defense that Clymer was an employee because BroRock is not a party to this federal lawsuit and cannot be collaterally estopped from raising this issue. Therefore, Clymer may have to re-litigate this issue.

A similar problem may potentially face Olcese. While Olcese has settled with BroRock, the determination of whether the decedent was an employee or independent contractor of Lowe may be determined in state court. *See* Tr. April 14, 2000 at 4–5. Olcese pleads that the decedent was an independent contractor or, in the alternative, an employee of Lowe.[4] *See* Olcese's

596, 1999 WL 624509, at * 2 (E.D.Pa. Aug.6, 1999) (applying *Terra Nova,* "[a]ssuming the [*Terra Nova* ] test survives *Wilton . . .".). Whether it survives or not, the discussion of *Terra Nova,* cited in this explanation, is consistent with the rationale of *Wilton* and therefore current law in the Third Circuit.

**3.** Clymer's theory for recovery, if he is deemed to have been an employee, is based on Lowe's failure to provide Workers' Compensation coverage. *See* Clymer's Compl. at ¶ 52.

**4.** If the decedent is found to have been Lowe's employee, Olcese alleges the same theory for recovery as Clymer (recovery is possi-

Compl. at ¶ 21. At some stage of the state court action, possibly at summary judgment, the state court may evaluate and determine this issue. Nationwide points out that the state court need not decide this issue. According to Nationwide, the parties may not raise this issue on summary judgment and the jury may not make an individual finding regarding the status of the decedent and Clymer. While Nationwide's point is well taken, I find that resolution of this issue in the instant declaratory judgment action carries with it the potential for prejudicial collateral estoppel in the underlying action.[5] Therefore, I will exercise my discretion to stay this lawsuit as to Nationwide's duty to indemnify.

In sum, I will dismiss, without prejudice, Nationwide's complaint as to its duty to defend and I will stay Nationwide's complaint as to its duty to indemnify. If during the pendency of the state court decision, the state court decides the status of the decedent and Clymer in relationship to Lowe, upon application, I will reconsider entertaining this declaratory judgment action.

**AND NOW**, this day ___ of April, 2000, upon consideration of defendant Olcese's motion to dismiss/ abstain (docket entry # 2), defendant Clymer's motion to dismiss/ abstain (docket entry # 4), all responses thereto, and oral argument, I **ORDER** that:

1. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** in so far as it relates to a duty to defend.

2. Plaintiff's complaint is **STAYED** to the extent it relates to a duty to indemnify.

---

ble because Lowe failed to provide Workers' Compensation coverage). *See* Olcese's Compl. at ¶ 52.

**5.** Although not argued by Olcese and Clymer, making a determination as to the decedent's and Clymer's status as independent contractors or employees may collaterally estop their right in state court to plead, in the alternative, that they were independent contractors or employees, both providing a possible basis for recovery.