**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3618
_____


RONALD KELLY;
PATRICE KELLY, individually and as h/w

v.

MAXUM SPECIALTY INSURANCE GROUP;
THE CARMAN CORPORATION; THE CARMAN
GROUP, INC;
THE CARMAN GROUP, LLC; SERGIUS B. CARMAN

Maxum Specialty Insurance Group,
Appellant
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:14-cv-07149)
District Judge:  Honorable Joel H. Slomsky

Argued: November 3, 2016

Before: CHAGARES, HARDIMAN, and SCIRICA, <u>Circuit Judges</u>.

(Filed: August 21, 2017)

Sina Bahadoran (ARGUED)
Michele A. Vargas
Hinshaw & Culbertson LLP
2525 Ponce de Leon Boulevard
4th Floor
Miami, FL 33134

<u>Counsel for Appellant Maxum Specialty Insurance Group</u>

John Reed Evans (ARGUED)
Selective Law Group, LLC
760 West Sproul Road
Suite 301
Springfield, PA 19064

<u>Counsel for Appellees The Carman Corporation, The Carman Group, Inc., The Carman Group, LLC, and Sergius B. Carman</u>

Michael O. Pansini
Steven M. Mezrow
Gregory J. Kowalski (ARGUED)
Pansini & Mezrow
1525 Locust Street, 15th Floor
Philadelphia, PA 19102

<u>Counsel for Appellees Ronald and Patrice Kelly</u>

_____

OPINION

_____

CHAGARES, Circuit Judge.

This case presents a situation familiar to our district courts. Two related lawsuits are pending — one each in state and federal court. The state action seeks to determine a defendant's liability for an alleged harm, and the federal action seeks only a declaratory judgment on an insurer's obligation to defend and indemnify the defendant. The District Court here exercised its discretion to abstain from entertaining the declaratory action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 ("DJA"), largely because it determined that the state court action concerning liability and the declaratory judgment action were parallel proceedings. The District Court further concluded that the remaining factors guiding the consideration of whether it should entertain the declaratory action weighed against retaining jurisdiction.

Whether a state action parallels a federal action — in which case a district court has significant discretion under the DJA to decline a lawsuit seeking only declaratory relief — is a question that has divided the district courts in this Circuit. Although the question is not dipositive to a court's decision to abstain, it is important, and is one that courts must address. We hold that contemporaneous state and federal proceedings are parallel for purposes of the DJA when they are substantially similar, and the two proceedings here were not. We further hold that the lack of parallel state and federal proceedings — a significant factor favoring hearing the case — is not

3

outweighed by other factors. For the reasons that follow, we will reverse the District Court's order and remand.

I.

In 2007, appellee Ronald Kelly's car collided with another vehicle driven by a drunk driver. The driver had been drinking at a bar, Princeton Tavern, owned by BBK Tavern, Inc. ("Princeton Tavern"), which was insured under a dram shop liability policy issued by State National Insurance Company ("State National"). The insurance policy had been procured by appellee Carman Corporation ("Carman"), Princeton Tavern's insurance broker.

In 2009, Ronald and Patrice Kelly (collectively, "the Kellys") sued Princeton Tavern in state court seeking damages for injuries and economic losses caused by the collision. Kelly v. Siuma, Case No. 090503424 (Phila. Cty., Pa. Ct. Com. Pl. May Term 2009). The Kellys eventually obtained a default judgment against Princeton Tavern and settled for $5 million.

When that lawsuit was filed, Princeton Tavern alerted its broker, Carman, and requested that Carman notify State National of the insurer's obligation under the dram shop policy to defend and indemnify Princeton Tavern. Carman did not do this. Lacking notice of the lawsuit, State National refused to cover Princeton Tavern's legal liability. After the Kellys secured the judgment, Princeton Tavern assigned to them the rights to sue Carman for its failure to notify State National about the litigation.

In July 2013, the Kellys sued Carman in state court for negligence and breach of contract. Ronald & Patrice Kelly, as

4

assignees of BBK Tavern, Inc. v. The Carman Corp., Case No. 4825 (Phila. Cty., Pa. Ct. Com. Pl. July Term 2013) (the "Tort Action"). While that case was proceeding, the Kellys filed a separate state-court action against Carman and its professional liability insurer, appellant Maxum Specialty Insurance Group ("Maxum"), seeking a declaratory judgment that Maxum was obligated to defend and indemnify Carman against the Tort Action claims.[1] Kelly v. Maxum Specialty Ins. Grp., Case No. 233 (Phila. Cty., Pa. Ct. Com. Pl. Dec. Term 2014) (the "Declaratory Action").

Maxum removed the Declaratory Action to the District Court under 28 U.S.C. § 1441, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although the Kellys and Carman are Pennsylvania citizens, Maxum — a Georgia company — argued that the Kellys and Carman are together interested in securing Maxum's coverage for Carman's potential liability. Therefore, according to Maxum, diversity of citizenship (and thus federal jurisdiction) would exist once Carman was properly realigned to join the Kellys as a plaintiff.

The Kellys moved to remand the Declaratory Action to state court. They argued that they and Carman do not have the same interests and should not be realigned to secure diversity jurisdiction. They also requested alternatively that the District Court exercise its discretion under the DJA to decline

---

[1] After filing the Declaratory Action, the Kellys sought to stay discovery in the Tort Action to allow the issue of coverage to be resolved. Carman opposed the Kellys' request, arguing that it was premature to address coverage prior to the resolution of Carman's liability.

5

jurisdiction. Maxum opposed the motion, and Carman filed a response in support of remand.[2]

Weighing the factors for deciding whether to abstain from entertaining declaratory judgment actions set forth in Reifer v. Westport Insurance Corp., 751 F.3d 129, 143-46 (3d Cir. 2014), the District Court sided with the Kellys and Carman. The Court's conclusion rested heavily on its determination that the still-pending state Tort Action constituted a parallel proceeding to the Declaratory Action. By order issued on September 29, 2015, the District Court declined to hear the lawsuit and remanded the action to state court. With the motion resolved, the Court did not address whether realignment of the parties to secure diversity jurisdiction was proper. Maxum timely appealed.

II.

A.

A district court's discretionary remand in a declaratory judgment action is a final decision that is appealable under 28 U.S.C. § 1291.[3] Reifer, 751 F.3d at 133. We review the

---

[2] After removal, Maxum also moved to dismiss the Declaratory Action, arguing that the Kellys lacked standing to sue Maxum and that Maxum did not owe coverage to Carman. The District Court granted remand and did not reach the motion to dismiss.

[3] Under existing caselaw, the District Court was permitted to consider and grant a discretionary remand under the DJA before determining whether it possessed subject matter jurisdiction. "[A] federal court has leeway to choose

6

among threshold grounds for denying audience to a case on the merits." <u>Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.</u>, 549 U.S. 422, 431 (2007) (quoting <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 584 (1999)); <u>see also</u> <u>id.</u> at 432 (holding that courts may dismiss a case on forum non conveniens grounds before considering jurisdiction). Deciding to abstain from entertaining a request for declaratory relief "conclusively determines an issue that is separate from the merits" and results in the court "disassociat[ing] itself from the case entirely." <u>See Reifer</u>, 751 F.3d at 133-34 (quoting <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 714 (1996)). Because the District Court's remand "d[id] not entail any assumption by the court of substantive 'law-declaring power,'" <u>Sinochem Int'l</u>, 549 U.S. at 433 (quoting <u>Ruhrgas</u>, 526 U.S. at 584), ascertaining jurisdiction was not necessary before taking that action. <u>Cf. id.</u> at 431 (observing that a federal court need not "decide whether the parties present an Article III case or controversy before abstaining under [another abstention doctrine]"); <u>GDG Acquisitions, LLC v. Gov't of Belize</u>, 749 F.3d 1024, 1028 (11th Cir. 2014) (reviewing the district court's decision to abstain based on international comity principles even though it "did not reach the question of whether foreign sovereign immunity precluded subject matter jurisdiction"); <u>Tony Alamo Christian Ministries v. Selig</u>, 664 F.3d 1245, 1248 (8th Cir. 2012) ("[W]e may affirm on abstention grounds without first resolving the standing issues."); <u>Pub. Citizen v. U.S. Dist. Court for D.C.</u>, 486 F.3d 1342, 1348 (D.C. Cir. 2007) ("<u>Sinochem</u> thus firmly establishes that certain non-merits, nonjurisdictional issues may be addressed preliminarily.").

We note that had the District Court decided not to abstain, it would have needed to assure itself that jurisdiction existed before proceeding any further. <u>See</u> <u>Emp'rs Ins. of</u>

7

District Court's decision for abuse of discretion.  Id. at 137-39. In doing so, we review legal questions, including the question of whether state court and federal court proceedings are parallel, de novo.  See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 307 (3d Cir. 2009).

B.

The Kellys seek a declaratory judgment, a remedy made available to the federal courts by the DJA.[4]  That statute provides that federal courts "may declare the rights and other legal relations of any interested party seeking such declaration,

---

Wausau v. Crown Cork & Seal Co., 905 F.2d 42, 47 (3d Cir. 1990) (remanding a case to the district court which had stayed a lawsuit brought under the DJA without first considering jurisdiction).

[4] Although courts often refer to a court's "jurisdiction" under the DJA, the statute is not a jurisdictional grant.  Rather, the Supreme Court has characterized the DJA as procedural, affording a remedial option in a case over which a court must have an independent basis for exercising jurisdiction.  Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

Relatedly, we agree with the District Court that because federal courts apply federal procedural law in federal actions, the DJA and not state declaratory judgment law supplies the procedural law that governs this case.  This is notwithstanding the fact that the relief sought in the removed Declaratory Action was requested under the Pennsylvania Declaratory Judgments Act, 42 Pa. Cons. Stat. §§ 7531, et seq.  See Reifer v. Westport Ins. Corp., 751 F.3d 129, 134 n.4 (3d Cir. 2014); Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 261 n.3 (4th Cir. 2013).

8

whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). Granting a declaratory judgment is therefore discretionary and a court may abstain from entertaining an action seeking only declaratory relief.[5] Reifer, 751 F.3d at 134 (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942)); Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the [DJA], even when the suit otherwise satisfies subject matter jurisdictional prerequisites."); see also Rarick v. Federated Serv. Ins. Co., 852 F.3d 223, 229 (3d Cir. 2017) (clarifying the extent of a court's discretion where a litigant seeks both declaratory and non-declaratory relief).

The discretion courts exercise in actions seeking only declaratory relief is "substantial" but nonetheless "bounded and reviewable." Reifer, 751 F.3d at 140. On the one hand, courts may abstain based on "considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288. On the other hand, the "wholesale" dismissal of certain types of cases brought under the DJA is improper, as litigants should not be unjustifiably denied the right to obtain an authorized remedy in federal court. See Reifer, 751 F.3d at 147.

We have directed courts deciding whether to entertain a declaratory action to weigh certain enumerated and other

---

[5] It bears repeating the admonition, well noted in the caselaw, that this discretion is "unique and substantial" and is an exception to the otherwise "virtually unflagging obligation" of federal courts to "exercise the jurisdiction conferred on them by Congress." Wilton v. Seven Falls Co., 515 U.S. 277, 284, 286 (1995) (citing Colo. River Conservation Dist. v. United States, 424 U.S. 800, 813, 817-18 (1976)).

factors "bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for [federal] resolution." Id. at 138 (quoting Wilton, 515 U.S. at 289). This type of "uniform approach" is intended to "clarify for parties and district courts the relevant considerations to sound and reasoned discretion, as well as help properly focus our abuse of discretion review." Id. at 146.

Courts should first determine whether there is a "parallel state proceeding." Id. at 143, 146. Although the existence of a parallel state proceeding is but one factor for courts to consider, it is a significant factor that is treated with "increased emphasis." Id. at 144; see also Sherwin-Williams Co. v. Holmes Cty., 343 F.3d 383, 394 (5th Cir. 2003) (noting that "the presence or absence of a pending parallel state proceeding is an important factor"); Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 423 (4th Cir. 1998) ("[T]he existence of [a parallel state] proceeding should be a significant factor in the district court's determination. But it is not dispositive."). We have held, as a result, that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." Reifer, 751 F.3d at 144. Inversely, the existence of a parallel state proceeding "militates significantly in favor of declining jurisdiction." Id. at 144-45.

Courts should then weigh other factors. Specifically, if a state parallel proceeding does not exist, then "as part of exercising sound and reasoned discretion, district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." Reifer, 751 F.3d at 144. When state parallel proceedings do exist, "district courts

exercising jurisdiction should be rigorous in ensuring themselves that the existence of pending parallel state proceedings is outweighed by opposing factors." Id. at 145. Courts should give the following and other factors[6] "meaningful consideration . . . to the extent they are relevant":

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;

---

[6] We have advised that this list of factors is not exhaustive and that other considerations might be relevant in the appropriate case. See Reifer, 751 F.3d at 146-47. For instance, we noted in Reifer that our decision in State Auto Insurance Cos. v. Summy, 234 F.3d 131 (3d Cir. 2000), might supply additional guidance in insurance cases. Reifer, 751 F.3d at 146-47. And we have summarized United States v. Pennsylvania Department of Environmental Resources, 923 F.2d 1071 (3d Cir. 1991), as providing that declining a declaratory judgment action may not be prudent "when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." Summy, 234 F.3d at 134. Whichever factors the district court determines to be applicable, "[t]he weighing of these factors should be articulated in a record sufficient to enable our abuse of discretion review." Reifer, 751 F.3d at 147.

(5) a general policy of restraint when the same issues are pending in a state court;

(6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and

(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Id. at 146. With this framework in mind, we review the District Court's decision.

## III.

### A.

The District Court first concluded that the Kellys' Tort Action against Carman and their Declaratory Action against Carman and Maxum constituted parallel proceedings. According to the Court, the Tort Action "directly implicate[s] Maxum's obligations to defend and indemnify [Carman]" — also at issue in the Declaratory Action — as "the question of coverage . . . will necessarily arise in the state court action before it is completed."[7] Appendix ("App.") 11. Maxum challenges this determination, arguing that it is not a party to

---

[7] The Court also found salient the fact that the declaratory judgment action sought only "an interpretation of state law." App. 11.

12

the Tort Action, the question of coverage had not been raised in state court, and it may never be raised given the possibility of the Kellys losing the lawsuit.

When faced with similar facts, our district courts have divided as to how to determine whether a state action for damages and a related federal proceeding over insurance coverage are parallel. The District Court here essentially followed others in this Circuit which have held that, for purposes of the DJA, a state proceeding parallels a federal action where there is the potential that the federal claims might be satisfactorily adjudicated in state court. App. 10-11; see also App. 353 (District Court noting "you certainly have the potential for a parallel proceeding in the other case"). Under this approach, the federal court is free to decline to entertain the insurer's declaratory judgment action because the issue of a defendant's insurance coverage eventually could arise in an underlying state negligence action.

We disagree with this approach. Proceedings are not parallel merely because they have the potential to dispose of the same claims. Defining "parallel state proceeding" so broadly balloons a court's discretion to decline a DJA action beyond the measured bounds we set forth in our prior decisions. Although the existence or non-existence of parallel proceedings is only one of many factors a court must consider, it is a significant factor, and we must correct the error propagating among some of the district courts in this Circuit. We hold that the mere potential or possibility that two proceedings will resolve related claims between the same parties is not sufficient to make those proceedings parallel;

13

rather, there must be a substantial similarity in issues and parties between contemporaneously pending proceedings.[8]

Review of relevant precedent compels this conclusion. A parallel state proceeding is a pending matter "involving the same parties and presenting [the] opportunity for ventilation of the same state law issues."[9]  Wilton, 515 U.S. at 283; see also

---

[8] Strict identity between parties and claims is not necessary for pending proceedings to be substantially similar, although that will be the most usual circumstance in which a court finds parallel proceedings to exist.  "Substantial similarity" only means that the parties involved are closely related and that the resolution of an issue in one will necessarily settle the matter in the other.  See, e.g., Fru-Con Constr. Corp. v. Controlled Air, Inc., 574 F.3d 527, 535 (8th Cir. 2009) ("[Substantial similarity] occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." (citing TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 592 (7th Cir. 2005))); Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 997 (8th Cir. 2005) (holding that state tort actions and a related federal insurance declaratory judgment action were not parallel, even though "the issues in each proceeding may depend on some of the same facts," because the state lawsuits "involve parties, arguments, and issues different from those in federal court proceedings").

[9] In both Brillhart and Wilton, the Supreme Court cases discussing a court's discretion under the DJA, state court proceedings had already reached the garnishment stage and featured insurance coverage as an issue and the insurer as a party.  Accordingly, neither case concerned a court's decision to abstain in deference to a non-parallel state action.  See

14

State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000) (describing a parallel proceeding as one in which "the same issues are pending"). Germane factors include the scope of the state court proceeding, the claims and defenses asserted, and whether necessary parties had been or could be joined. See Brillhart, 316 U.S. at 495; see also Md. Cas. Co. v. Consumers Fin. Serv., Inc., of Pa., 101 F.2d 514, 515 (3d Cir. 1938) (explaining that a court may abstain from issuing a declaratory judgment that is "being sought merely to determine issues involved in cases already pending," but not "if the controversy between the parties will not necessarily be determined in" that pending action). Such analysis contemplates comparing the state and federal action as they contemporaneously exist, not as they might eventually be.

---

Wilton, 515 U.S. at 290 (refraining from "delineat[ing] the outer boundaries of [courts'] discretion in other cases, for example, . . . cases in which there are no parallel state proceedings"). Regardless, the Supreme Court's guidance is instructive.

Some district courts have seized this "opportunity" language from the Supreme Court to conclude that potentiality is sufficient to render a proceeding parallel, but other language makes the Court's intended meaning at least ambiguous. For comparison, see Brillhart, 316 U.S. at 495 (explaining it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues . . . between the same parties"), and Wilton, 515 U.S. at 290 (discussing parallel proceedings as those which are already "underway in state court"). The body of law applying Brillhart and Wilton, discussed more infra, makes clearer that potentiality is not sufficient to render a proceeding parallel.

15

We employ a substantially consistent definition of parallelism when considering abstention in other circumstances. For instance, determining whether a state and federal action are parallel is necessary when deciding whether to abstain under the doctrine articulated in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).[10] In that context, we have recognized simply that "cases are parallel when they involve the same parties and claims." Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997). More specifically, parallel proceedings are those that are "truly

---

[10] Colorado River abstention is a good comparator because it applies in circumstances "where the presence of concurrent state proceedings may indicate that a district court should abstain from the 'contemporaneous exercise of concurrent jurisdiction[]' due to principles of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Nat'l City Mortg. Co. v. Stephen, 647 F.3d 78, 83-84 (3d Cir. 2011) (alterations in original) (quoting Trent v. Dial Med. of Fla., Inc., 33 F.3d 217, 223 (3d Cir. 1994)) (surveying the various abstention doctrines). These are some of the same concerns that animate the discretion afforded by the DJA. Cf. 10B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2759 n.22 (4th ed. 2008) (noting the "parallel between federal abstention doctrine and the court's discretion to decline to entertain a declaratory judgment action"). By no means are we equating the doctrines; although tests for employing both require evaluating similar factors, the "district court's discretion under the [DJA] is significantly greater than under Colorado River." Pa. Dep't of Envtl. Res., 923 F.2d at 1074.

16

duplicative," that is, when the parties and the claims are "identical," or at least "effectively the same." Trent v. Dial Med. of Fla., Inc., 33 F.3d 217, 223-24 (3d Cir. 1994), superseded by statute on other grounds as recognized in Nat'l City Mortg. Co. v. Stephen, 647 F.3d 78, 83 (3d Cir. 2011); see also Hamilton, 571 F.3d at 307 (identifying the first question in Colorado River abstention analysis as whether "there is a parallel state proceeding that raises 'substantially identical claims [and] nearly identical allegations and issues'" (alteration in original) (quoting Yang v. Tsui, 416 F.3d 199, 204 n.5 (3d Cir. 2005))). Cases are not parallel under Colorado River abstention where the "federal court case involves claims that are distinct from those at issue in a state court case," like where parties in "the two cases employ[] substantially different 'approaches' [which] might 'achieve potentially different results.'" Trent, 33 F.3d at 224 (quoting Complaint of Bankers Tr. Co. v. Chatterjee, 636 F.2d 37, 41 (3d Cir. 1980)); see also Univ. of Md. at Balt. v. Peat Marwick Main & Co., 923 F.2d 265, 276 (3d Cir. 1991) (holding that abstention is inappropriate where there is a "lack of identity of all issues" between lawsuits and "no theoretical obstacle to both actions proceeding independently").

Therefore, at least under Colorado River, a state proceeding does not parallel a federal proceeding just because there is the potential that issues in the latter may arise in the former. The proceedings must involve substantially similar parties and claims at the time the federal court is deciding whether to abstain. Indeed, other courts to have addressed this question agree. See, e.g., Fru-Con Constr. Corp. v. Controlled Air, Inc., 574 F.3d 527, 535 (8th Cir. 2009) ("This [parallelism] analysis focuses on matters as they currently exist, not as they could be modified." (citing Baskin v. Bath

17

Twp. Bd. of Zoning Appeals, 15 F.3d 569, 572 (6th Cir. 1994))); Fox v. Maulding, 16 F.3d 1079, 1081 (10th Cir. 1994) (declining to consider "how the state proceedings could have been brought in theory" in favor of "examin[ing] the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings"); McLaughlin v. United Va. Bank, 955 F.2d 930, 935 (4th Cir. 1992) (reversing abstention on the grounds that the federal and state actions were not parallel after observing that, notwithstanding the "changing nature" of the underlying state actions, "[the plaintiff]'s personal rights, as asserted in the federal diversity case, are not now protected in state proceedings" (emphasis added)).

A similar rule — that proceedings are not parallel merely because of potentiality — is warranted to guide abstention under the DJA. Cf., e.g., Lexington Ins. Co. v. Integrity Land Title Co., 721 F.3d 958, 971 (8th Cir. 2013) (concluding that the actions were not parallel because although the same issues raised in federal court "could have arisen" in pending state proceedings, it was not "likely that the state-court actions actually would clarify and resolve the issues presented in federal court"). A contrary rule risks hollowing the DJA's remedial grant. Declaratory judgments allow parties prospectively to settle concrete questions concerning their legal rights and duties; foreclosing that remedy because the questions may eventually be answered in another forum undermines the utility of the declaratory action. Cf. Rarick, 852 F.3d at 227, 229-30 (explaining that the DJA allows parties to "clarify legal relationships" and "make responsible decisions about the future," goals which should not be "subvert[ed]" by the court's discretion to decline the lawsuit (quoting Step-Saver Data Sys., Inc. v. Wyse Tech., 912 F.2d

18

643, 649 (3d Cir. 1990))); Sears, Roebuck & Co. v. Zurich Ins. Co., 422 F.2d 587, 590 (7th Cir. 1970) (observing that the dismissal of a DJA lawsuit over insurance coverage, an issue which had not arisen in the related state proceeding, "is leaving the controversy between [the parties] unsettled with a lack of clarification of the legal relations in issue"). Moreover, district courts applying a potentiality standard would possess virtually unbounded discretion to deny litigants seeking declaratory judgments access to federal court, as they could abstain from a case based only on speculation about how another action will proceed. Cf. New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am., 946 F.2d 1072, 1074 (4th Cir. 1991) ("[Abstention doctrine] does not give federal courts carte blanche to decline to hear cases within their jurisdiction merely because issues or factual disputes in those cases may be addressed in past or pending proceedings before state tribunals." (quoting United States v. SCM Corp., 615 F. Supp. 411, 417 (D. Md. 1985))).

Rather than sanctioning such a broad standard, we conclude that requiring a district court to consider whether the proceeding before it is substantially similar to a contemporaneous state proceeding will better enable the court to weigh the interests underlying its significant discretion and a litigant's entitlement to seek declaratory relief in federal court.[11] See Brillhart, 316 U.S. at 494-95; Md. Cas. Co., 101

---

[11] Some Courts of Appeals have, in dicta, used language suggesting a broader understanding of "parallel proceeding" which incorporates potentiality. See, e.g., Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 754 (9th Cir. 1996) ("[T]he absence of a parallel state proceeding is not necessarily dispositive [to the question of whether a district court should

19

F.2d at 515 (stating that abstention is appropriate where a declaratory judgment is "being sought merely to determine issues involved in cases already pending").

## B.

It is clear that the two proceedings here are not parallel. Maxum is not a party to the Tort Action, and the questions of whether Carman's insurance policy with Maxum covers Carman's potential liability and whether Carman is in fact liable to the Kellys are distinct.[12] The issue of coverage is not

---

abstain under the DJA]; the potential for such a proceeding may suffice."), overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998) (en banc). Such language, however, has been employed in the context of determining that the absence or presence of a parallel state proceeding does not per se require a district court to entertain or decline a declaratory judgment action. See id.; see also, e.g., Sherwin-Williams Co., 343 F.3d at 392-93 (citing Golden Eagle when counting the Court of Appeals for the Ninth Circuit as among those courts which do not employ a per se rule). We too reject such a bright-line per se rule, as we have already discussed; and we read the discussion in Golden Eagle to pertain to the varied circumstances in which it is appropriate for a district court to abstain as opposed to a technical definition of parallelism. To the extent that another court holds that a state proceeding parallels a federal proceeding based only on the possible issues which it could potentially encompass, we respectfully disagree.

[12] It is possible that, in certain circumstances, determining the issue of coverage will rely on questions central to the underlying liability proceeding. See, e.g., Nationwide

necessary to the resolution of the state action — we cannot at this point predict the course which that lawsuit will take.

This is not a novel disposition, as we have previously encountered similar facts. In Maryland Casualty Co., an individual brought an auto injury claim against a company in state court, and the company's insurer sought a declaratory judgment of nonliability under the policy in federal court. 101 F.2d at 514-15. We held that the issues involved in the state and federal lawsuits — the extent of the company's liability to the injured persons and the extent of coverage owed by the insurer to the company, respectively — were distinct. Id. at 515-16. We concluded that the company was entitled to have its rights settled in federal court, and that the district court "exceeded its discretionary power i[n] dismissing the petition for a declaratory judgment." Id. at 516. Similarly, in Terra Nova Insurance Co. v. 900 Bar, Inc., although we eventually affirmed the district court's decision to stay the case, we noted that a state tort action and the insurer's federal declaratory judgment action over coverage were non-parallel. 887 F.2d 1213, 1219 & n.4 (3d Cir. 1989). Several of our sister Courts

---

Mut. Ins. Co. v. Lowe, 95 F. Supp. 2d 274, 276-77 (E.D. Pa. 2000) (staying a declaratory action in which the insurer disclaimed coverage on the basis that the plaintiffs were the defendant's employees, an issue already in dispute in a pending state lawsuit). Even if the proceedings are not parallel as we have defined it, such may be the type of situation which nevertheless warrants a court's abstention. But this is not the case here, where Maxum's coverage arguments are predicated on the timing of the Kellys' claim and the identity of the insurer, issues entirely independent of whether Carman was negligent.

of Appeals have reached the same conclusion in comparable circumstances. See, e.g., Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 997 (8th Cir. 2005) (holding that a state tort lawsuit and the insurer's federal coverage declaratory lawsuit were not parallel because although the issues may "depend on some of the same facts," the state proceeding involved "parties, arguments, and issues different from those in the federal [suit]"); Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 380 (4th Cir. 1994) ("We are satisfied that there is no significant overlap in the issues of fact that must be decided to resolve these two separate and independent legal controversies."); Am. States Ins. Co. v. D'Atri, 375 F.2d 761, 763 (6th Cir. 1967) (rejecting the argument that an insurer's obligation to defend and indemnify its insured against a tort claim was "inextricably bound up with" the question of the insured's liability to the tort claimant); Sears, Roebuck & Co., 422 F.2d at 589-90 (same).

In sum, there is no substantial similarity between the Tort Action and Declaratory Action, and the District Court's conclusion that they are parallel was in error.

We reiterate that a strict definition of parallelism need not hobble a district court's unique leeway to decline from issuing declaratory relief. Although "the existence or non-existence of pending parallel state proceedings" is important in a court's assessment, it is not dispositive. Reifer, 751 F.3d at 143-44; see also id. at 147 ("As our non-exhaustive, multi-factor test makes clear, there are many potential considerations that properly inform a district court's sound and reasoned discretion."). We therefore must turn to consider the District Court's weighing of all the relevant factors.

22

IV.

After finding a parallel state proceeding, the District Court considered the remaining Reifer factors and counted four as weighing against exercising jurisdiction and four as neutral. The factors the Court found to favor the motion to remand included the third, fifth, sixth, and eighth factors; the factors the Court found to be neutral included the first, second, fourth, and seventh factors. Because there were no factors supporting the District Court's exercise of jurisdiction in its view, and because of its conclusion that there existed a parallel state proceeding, the District Court declined jurisdiction and granted the motion to remand. In doing so, the District Court abused its discretion. Insofar as the state Tort Action and this Declaratory Action were not parallel, the District Court should have considered the remaining factors as prescribed in Reifer to "be rigorous in ensuring [itself] that the lack of pending parallel state proceedings is outweighed by opposing factors." Id. at 144. The lack of pending parallel state proceedings here was not outweighed by opposing factors.

First, a declaratory judgment by the District Court would resolve the uncertainty that prompted filing of the Declaratory Action. The Kellys filed their complaint "seeking [a] declaratory judgment to obtain an adjudication that Defendant, Maxum Specialty Insurance Group, is obligated to provide a defense and indemnification to its insureds . . . ." App. 37. Declaratory relief by the District Court would unquestionably clarify and settle the dispute regarding Maxum's obligations under the insurance policy.

Second, none of the parties will be inconvenienced by having this matter adjudicated in the federal forum. The

23

District Court considering the Declaratory Action sits in the same city as the court in which the Kellys originally filed suit.

Third, the parties do not aver that any public interest is at stake other than the usual interest in the fair adjudication of legal disputes, an interest which the District Court is well-equipped to address.[13]

Fourth, the parties do not argue that other remedies would be adequate, let alone more convenient. The state and

---

[13] The District Court found that the third factor supported declining jurisdiction "because a state court is better suited" to decide this case. App. 12-13. Apparently relying upon comity concerns, the Court observed in its analysis that "federal courts usually prefer that state courts are offered the first opportunity to interpret and apply state law" and that the public interest is served by having a state court resolve state-law disputes. App. 12. But we rejected the same catch-all analysis in Reifer. See 751 F.3d at 149 (noting that instead of declining jurisdiction because of "the importance of respecting the ability of the [state] court system" to enforce state law, "[w]e would have preferred the District Court to squarely address the alleged novelty of [the] state law claims"). The parties do not contend that there is an unsettled question of state law or important policy issue implicated by the coverage claims here. Absent this, there is little reason for a federal court to be reluctant about deciding this case. See id. at 147 ("Federal and state courts are equally capable of applying settled state law to a difficult set of facts." (alteration omitted) (quoting Heritage Farms Inc. v. Solebury Twp., 671 F.2d 743, 747 (3d Cir. 1982))).

federal courts are equally able to grant effective relief in these circumstances.

Fifth, the issue of Maxum's obligations under its insurance policy with Carman is <u>not</u> pending in a state court. Maxum is not even a party in the pending state court action and the insurance coverage dispute cannot be fully resolved without Maxum. As a result, the general policy of restraint does not apply in the present case.

Sixth, and relatedly, there is no reason at this juncture to be concerned about duplicative litigation as the issues in the two proceedings are distinct. Arguably, settling the dispute in the District Court may <u>avoid</u> duplicative litigation, considering that the parties have already begun to litigate the issue of coverage in the federal forum.

Seventh, there is no issue here of "procedural fencing" or a "race for res judicata." App. 13. The Kellys initiated both the Tort Action and Declaratory Action and there has been no concern expressed that removal of the Declaratory Action was driven by an improper motive.

Eighth, and finally, there is no indication that a conflict exists for Maxum related to any obligations it has to defend Carman in the Tort Action. Maxum is not a party to the Tort Action; nor is there reason to believe it should or might be a party, given that it disclaimed coverage and given that Carman in fact opposed the Kellys' motion seeking time to allow Maxum to join the proceeding.

\* \* \* \* \*

25

We hold, contrary to the District Court, that the state Tort Action and the Declaratory Action in federal court are not parallel proceedings. The nonexistence of a parallel state proceeding weighed significantly in favor of the District Court entertaining rather that remanding the Declaratory Action, but did not require it. Rather, before declining to consider the Declaratory Action, the District Court, in exercising its discretion, had to ensure itself that the factors enunciated in Reifer outweighed the lack of a parallel state proceeding. These factors did not outweigh the lack of a parallel state proceeding in this case. As a result, "considerations of practicality and wise judicial administration," Wilton, 515 U.S. at 288, counsel against abstention, and we conclude that the District Court abused its discretion in granting the motion to remand.

V.

Before the case proceeds, however, the District Court must determine whether it possesses jurisdiction to hear the case. See Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 93-102 (1998) (holding that courts must consider their jurisdiction before they reach the merits of a case). Maxum asserts that diversity jurisdiction will exist under 28 U.S.C. § 1332 once the Court realigns the parties according to their interest in securing Maxum's coverage of Carman's potential liability to the Kellys. Indeed, "[i]n determining the alignment of the parties for jurisdictional purposes, . . . courts have a 'duty' to 'look beyond the pleadings and arrange the parties according to their sides in the dispute.'" Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc., 54 F.3d 156, 159 (3d Cir. 1995) (quoting Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941)). To do so, the court must identify the "principal

purpose of the suit" and look at "the facts as they existed at the time the action was commenced . . . to determine the position of the parties." Emp'rs Ins. of Wausau v. Crown Cork & Seal Co., 905 F.2d 42, 45-46 (3d Cir. 1990) (quoting Indianapolis, 314 U.S. at 69).

Having decided to abstain from entertaining the Declaratory Action, the District Court declined to consider Maxum's argument. Therefore, we will remand for the Court to decide whether it has subject matter jurisdiction over the action. See id. at 47.

## VI.

For the foregoing reasons, we will reverse the District Court's order and remand this action for further proceedings consistent with this opinion.