NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3399
_____

EXCEL PHARMACY SERVICES, LLC.,
                                    Appellant

v.

LIBERTY MUTUAL INSURANCE COMPANY; LIBERTY MUTUAL GROUP, INC.;
AMERICAN STATES INSURANCE COMPANY; COLORADO CASUALTY
COMPANY; EMPLOYERS INSURANCE COMPANY OF WAUSAU; EXCELSIOR
INSURANCE COMPANY; LIBERTY INSURANCE CORPORATION; LIBERTY
MUTUAL FIRE INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE
COMPANY CONSOLIDATED INSURANCE COMPANY; LIBERTY NORTHWEST
INSURANCE CORPORATION; LM INSURANCE CORPORATION; PEERLESS
INDEMNITY INSURANCE COMPANY; PEERLESS INSURANCE; SAFECO
INSURANCE COMPANY OF ILLINOIS, Appellees

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
No.2:18-CV-04804
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
On April 17, 2020

Before: CHAGARES, SCIRICA, and ROTH, Circuit Judges

(Filed: August 20, 2020)

_____

OPINION[*]
_____

**SCIRICA**, *Circuit Judge*

This case concerns the jurisdictional requirements of the Class Action Fairness Act, 28 U.S.C. §§ 1453 and 1332(d). Excel Pharmacy Services appeals the trial court's order refusing to remand its putative class action to the Pennsylvania Court of Common Pleas, as well as its order dismissing its complaint for failure to state a claim. We will affirm.

**I.**

Excel contends that Appellees, Liberty Mutual Insurance Company and several other insurance companies, "engaged in [a] systemic, years-long pattern of conduct" violating the Pennsylvania Worker's Compensation Act (WCA) and the Pennsylvania Unfair Insurance Practices Act (UIPA). J.A. 50. In substance, Excel's complaint asserts Appellees improperly refused to reimburse them for pharmaceutical products properly dispensed to injured workers.

Excel filed a putative class action in the Pennsylvania Court of Common Pleas. It sought to represent a class of "[a]ll pharmacies that are citizens of . . . Pennsylvania . . . and, from January 1, 2016 through to the date of entry of any class certification order, . . .

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

were denied proper reimbursement in whole or in part by Defendants, contrary to the WCA and/or its applicable regulations." J.A. 56. The class complaint contains two counts. Count I seeks a declaration that Appellees' failure to reimburse Excel and the class members violates the WCA. Count II seeks a declaration that the same failure violates the UIPA. Both counts also seek injunctive relief against the acts alleged in the complaint.

Appellees removed the case to federal court pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1453 and 1332(d). Excel moved to remand, arguing that its request for "declaratory judgment . . . is restricted to state law and the same issues are pending in state court." J.A. 545. Responding to the remand motion, Appellees submitted certifications and exhibits showing they had declined to reimburse Excel and twenty-seven other Pennsylvania pharmacies within the putative class more than $3.2 million within a three-year period. Appellees also argued that the allegedly related case to which Excel referred, *Liberty Mutual Group v. 700 Pharmacy, LLC*, No. 3357 EDA 2019 (Pa. Super. Ct., Appeal filed Oct. 11, 2019) (hereinafter the "Fraud Lawsuit"), is not similar to this case.

The trial court denied Excel's remand motion. Based on Appellees' factual submissions, it concluded there was approximately $120 million in controversy. The trial court also rejected Excel's request that it exercise its discretion under the Declaratory Judgement Act to refuse to hear the case. Finally, the trial court found there was no pending state-court case that was substantially similar, and that Excel had not established any other reasons to justify remand.

3

Subsequently, Appellees moved to dismiss the complaint for failure to state a claim. First, Appellees argued that Excel could only pursue administrative remedies for their alleged violations of the WCA, because the WCA bars civil actions to obtain relief. Second, they argued that there is no private right of action under the UIPA.

The trial court granted Appellees' motion and dismissed Excel's claims. As to Count I, the trial court held the only remedies available to Excel are the administrative ones provided by the WCA. Further, the trial court held Count II must be dismissed because there is no private right of action under the UIPA. Excel timely appealed.

## II.

On appeal, Excel argues the trial court erred in refusing to remand this case back to the Pennsylvania Court of Common Pleas and in dismissing Excel's complaint for failure to state a claim. We will affirm.

We reject Excel's argument that the trial court lacked jurisdiction over the case. We review a jurisdictional ruling by the trial court de novo, but we review underlying factual findings for clear error. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 345 (3d Cir. 2013). The Class Action Fairness Act allows any defendant in a class action to remove the case to federal court so long as the federal court would have had jurisdiction had the case originally been filed there. 28 U.S.C. § 1453(b); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746–47 (2019). To establish jurisdiction over this class action, the parties must be minimally diverse, there must be one hundred or more class members, and the amount in controversy in the case must be at least five million dollars. *Id.*

4

Here, Appellees submitted evidence establishing that the jurisdictional requirements were satisfied. First, no one disputes that the parties were minimally diverse. Second, there are two thousand class members, well over the one hundred required.

As for the amount in controversy, we agree with the trial court that Appellees proved that far more than five million dollars is at stake in this lawsuit. Appellees introduced evidence that they had declined to reimburse twenty-eight of the potential class members more than three million dollars over a three-year period, and they introduced evidence that they had refused to reimburse Excel $60,000 dollars. If $60,000 were the average amount owed to each of the two thousand potential class members, then $120 million dollars would be in controversy. This evidence, not persuasively controverted by Excel, is sufficient to satisfy Appellees' burden of proving the jurisdictional amount in controversy. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 507 (3d Cir. 2014) (explaining that, because of Federal Rule of Civil Procedure 23's requirement that a class plaintiff's claim be typical of the class members' claims, it is reasonable to assume that a plaintiff's damages are representative of the class members' damages).

In response, Excel argues that there is no amount of money in controversy because it is merely seeking declaratory and injunctive relief, not damages for past violations. But courts must put a value on the relief sought when deciding whether the $5 million amount-in-controversy requirement is satisfied. *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 539 (3d Cir. 1995) (explaining that in lawsuits seeking injunctive

5

or declaratory relief, courts "measure the amount in controversy by the value of the rights which the plaintiff seeks to protect"). In determining the value of an injunction or declaration, "the court may look not only at past losses but also at potential harm." *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 88 (2d Cir. 1991); *see also* 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3708 at 243 (3d ed. 1998) ("Potential, as well as past, harm to the company may be considered by the court."). As the trial court recognized, a declaration and injunction in the class's favor could compel Appellees to pay out considerably more in reimbursements. If Excel's legal theory is correct, just twenty-eight of the two thousand class members would be cumulatively owed $3 million for a three-year period. A declaration or injunction entitling two thousand plaintiffs to be reimbursed as Excel demands would presumably, in the coming years, entitle them to relief worth far more than $120 million. The amount-in-controversy requirement was satisfied.

Further, we conclude the trial court did not abuse its discretion in deciding to retain jurisdiction over this declaratory judgment case. A district court may decline jurisdiction when there is a parallel state proceeding with "substantial similarity in issues and parties." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017). We review the trial court's ruling for abuse of discretion. *Id.* at 281. Excel argues a substantially similar case exists, the Fraud Lawsuit, which was filed by Liberty Mutual in the Philadelphia Court of Common Pleas against pharmacies, pharmacists, and doctors alleging a conspiracy to defraud Liberty Mutual out of almost four million dollars.

6

We agree with the trial court that the Fraud Lawsuit is not substantially similar to this one. That case involved allegations of fraudulent kickback schemes whereas this case involves a dispute over reimbursements. Excel is not a defendant in that other lawsuit. Excel argues that some of the Appellees could potentially assert fraud as an affirmative defense in this case based on the outcome of that other case, but the trial court was required to "compar[e] the state and federal action as they contemporaneously exist[ed], not as they might eventually be." *Kelly*, 868 F.3d at 284. Because the impact of the Fraud Lawsuit on this case was, at best, speculative, we agree with the trial court's conclusion that the Fraud Lawsuit was not substantially similar, and thus conclude the trial court did not abuse its discretion in retaining jurisdiction.

## III.

Finally, Excel argues the trial court erred in dismissing its complaint for failure to state a claim. We review the trial court's dismissal for failure to state a claim de novo. *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012). We conclude the trial court was correct in dismissing both counts of the complaint.[1]

---

[1] Excel argues that the trial court voided its order refusing to remand the case to state court by dismissing for failure to state a claim. It relies on 28 U.S.C. § 1445(c), which states a "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." We agree with the overwhelming weight of authority from the other courts of appeals that have considered this issue: any error under Section 1445 is procedural, not jurisdictional, and therefore can be waived. *See*, *e.g.*, *In re Norfolk S. Ry. Co.*, 592 F.3d 907, 911–12 (8th Cir. 2010); *Vasquez v. N. Cty. Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir. 2002); *Feichko v. Denver & Rio Grande W. R. Co.*, 213 F.3d 586, 589 (10th Cir. 2000); *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786–88 (5th Cir. 1993). Excel waived its argument on this point by failing to comply with the requirement in 28 U.S.C. § 1447(c) that it raise this issue within thirty days of the notice of removal. Indeed, Excel acknowledges its tardiness. Appellant Br. 41 n.12.

First, Excel cannot earn relief under the WCA because it can only seek administrative remedies as laid out in the statute. The Pennsylvania Supreme Court has been clear:

> The Workmen's Compensation Act establishes the exclusive forum for resolving disputes regarding the employee's right to compensation and the delay or discontinuance of benefits. The workmen's compensation system encompasses all disputes over coverage and the payment of benefits, whether they arise from actions taken by the employer, the employer's insurance carrier, or the insurance carrier's employees or agents.

*Alston v. St. Paul Ins. Cos.*, 612 A.2d 421, 424 (Pa. 1992). "When the allegations of a claim have as their ultimate basis an injury compensable under the [WCA], the claim must be considered within the framework of the statute." *Kuney v. PMA Ins. Co.*, 578 A.2d 1285, 1287 (Pa. 1990).

The WCA establishes the rights and obligations of insurers and medical providers (including pharmacies) with respect to billing and reimbursement for pharmaceuticals dispensed to injured workers. 77 Pa. Cons. Stat. §§ 531(3)(vi)(A)–(I), 531(5). The WCA also establishes an administrative procedure for a provider that "disputes the amount or timeliness of the payment from the . . . insurer." 77 Pa. Cons. Stat. § 531(5). That procedure requires the Pennsylvania Bureau of Workers' Compensation to render an administrative decision, 34 Pa. Code § 127.256, which can then be appealed de novo to a hearing officer. 34 Pa. Code § 127.259(a). From there, a provider can appeal to the Pennsylvania Commonwealth Court. 34 Pa. Code § 127.261.

A provider cannot institute proceedings under the WCA unless it has exhausted its administrative remedies. *See Chubb Grp. of Ins. Cos. v. Dep't of Labor & Indus., Bureau*

8

*of Worker's Comp.*, 655 A.2d 205, 206 (Pa. Commw. Ct. 1995). "The doctrine of exhaustion of administrative remedies is intended to prevent the premature interruption of the administrative process, which would restrict the agency's opportunity to develop an adequate factual record, limit the agency in the exercise of its expertise, and impede the development of a cohesive body of law in that area." *Keystone ReLeaf LLC v. Pa. Dep't of Health*, 186 A.3d 505, 513 (Pa. Commw. Ct. 2018) (citations omitted). Because Excel did not exhaust its administrative remedies, the trial court correctly dismissed Count I.

Second, Excel cannot bring a declaratory judgement action under the UIPA. The UIPA prohibits any unfair methods of competition or unfair or deceptive acts or practices in the business of insurance. 40 Pa. Cons. Stat. § 1171.2. The UIPA does not create a private right of action, but it instead relies on the Pennsylvania Insurance Commission to investigate alleged violations, hold hearings, and impose sanctions as warranted. *See Jones v. Nationwide Prop. & Cas. Ins.*, 995 A.2d 1233, 1236 (Pa. Super. Ct. 2010). Although Excel acknowledges that "there is no private right of action under the UIPA," J.A. 863, it then argues that Count II should proceed because it is seeking a declaratory judgment rather than a "direct" action. Appellant Br. 38. But it is well settled that parties cannot bring a declaratory judgment action under a statute when there is no private right of action under that statute. *See, e.g.*, *Schilling v. Rogers*, 363 U.S. 666, 677 (1960); *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 457 n.3 (3d Cir. 2019). Therefore we conclude the trial court properly dismissed Count II.

## IV.

For the foregoing reasons, we will affirm the judgment of the trial court.